GEORGE E. MAXWELL v. NORTHERN TRUST COMPANY.[1]

December 3, 1897.

Nos. 10,818—(143).

**Corporation—Sequestration—Supplemental Complaint—Stockholder as Plaintiff.**

In an action brought by a creditor under G. S. 1894, c. 76, to sequester the assets of an insolvent corporation, another creditor who was also a stockholder filed by leave of court a supplemental complaint against the stockholders. *Held*, the last-named creditor, being himself a stockholder, is not a proper person to conduct the proceedings in behalf of the creditors against the stockholders, whether he holds the stock in his own right or as trustee for another.

**Same—Transfer of Management of Suit.**

But *held*, if his supplemental complaint is sufficient, it and all the proceedings under it should not be set aside after the stockholders have been served and have become parties to it, as it then becomes the complaint of

[1] Reported in 73 N. W. 173.

every creditor who files his claim; and the subsequent general management on behalf of creditors, so far as any such management is necessary, can be taken from the creditor who filed the complaint, and given to some other creditor competent to conduct the proceedings.

### Same—Concealment of Interest—Cross Bill.

*Held*, further, if the creditor who filed the complaint does not properly or truly state his liability as stockholder, some other creditor may, with leave of court, file a cross bill against him covering that point.

Action in the district court for Hennepin county to sequester the assets of the Northern Trust Company for the benefit of its creditors because of its insolvency. The proceedings mentioned in the opinion were had. From the order, Jamison, J., reinstating the supplemental complaint of Carroll and the proceedings taken under it, and setting aside the supplemental complaint of Lincoln, the latter appealed. Affirmed.

*Pierce & Austin*, for appellant.

An equitable suit to enforce stockholders' liability must be brought by a creditor who is not a stockholder. Potter v. Stevens, 127 Mass. 592; Thompson v. Bemis, 127 Mass. 595. The only remedy of one as against other stockholders is a suit for contribution. Thayer v. Union, 4 Gray, 75; Bailey v. Bancker, 3 Hill, 188; Wait v. Ferguson, 14 Abb. Pr. 379; Koons v. Martin, 66 Hun, 554; Clark v. Myers, 11 Hun, 608; Thompson v. Meisser, 108 Ill. 359. The same rule applies in suits to enforce directors' liability. Thacher v. King, 156 Mass. 490; McDowall v. Sheehan, 129 N. Y. 200; Kritzer v. Woodson, 19 Mo. 327. But for distinguishing facts the supreme court of the United States would have enforced this rule in the case of American v. Garrett, 110 U. S. 288, affirming Garrett v. Sayles, 1 Fed. 371. A Missouri statute allows a special remedy to the judgment creditor of a corporation to proceed against the shareholders by motion. Franklin v. Mcnown, 10 Mo. App. 570. One stockholder cannot maintain an action against another without first paying up and exhausting his own liability. 3 Thompson, Corp. § 3447. The decisions sometimes cited contra fail to sustain the argument. Fowler v. Robinson, 31 Me. 189; Brinham v. Wellersburg, 47 Pa. St. 43. In Pennsylvania, where such a stockholder is granted

a special statutory remedy, he must follow that remedy instead of suing in equity for a contribution. Brinham v. Wellersburg, supra. A creditor filing a claim is not an intervenor. McKusick v. Seymour, 48 Minn. 172; Pioneer v. St. Peter, 64 Minn. 386.

*W. S. Dwinnell,* for respondent.

Wherever it has been held that a creditor-stockholder cannot institute an action, it is because the fund arising from the liability of stockholders was not constituted for him and he could not therefore share in funds collected in a suit by another creditor. Thacher v. King, 156 Mass. 490; Thayer v. Union, 4 Gray, 75; McDowall v. Sheehan, 129 N. Y. 200; Riggs v. Palmer, 115 N. Y. 506. Where the stockholder-creditor has had a right to participate in the fund collected from stockholders, he has been given the right to institute proceedings having for their object the collection of that fund. Brinham v. Wellersburg, 47 Pa. St. 43; Fowler v. Robinson, 31 Me. 189. In an action of this nature if there is an issue which should be tendered omitted in the original complaint, a creditor should proceed by cross bill, by permission of court, and supplement the original complaint where necessary. Pioneer v. St. Peter, 64 Minn. 386.

CANTY, J.

On December 30, 1896, the plaintiff Maxwell commenced this action under G. S. 1894, c. 76, against the defendant the Northern Trust Company, a corporation, to sequester its assets for the benefit of its creditors on the ground that it was insolvent. The complaint alleges that Maxwell is receiver of another corporation and, as such receiver, deposited with the trust company funds which it has not repaid. On this complaint one Daniel Fish was appointed receiver of the trust company December 31, 1896. He qualified and entered upon his duties.

Thereafter, on January 5, 1897, the intervenor, Carroll, made an application for leave to file a supplemental complaint against the stockholders of the trust company and to make them parties to the action. On the same day his application was granted, he filed his supplemental complaint and proceeded to bring in the stockholders. In this complaint Carroll alleges that, as receiver of still another

corporation, he deposited funds with the trust company, and is therefore a creditor of the latter. Thereafter on January 19 the court made an order directing notice to be given to creditors to exhibit their claims by filing the same with the clerk as provided by G. S. 1894, § 5911. Pursuant to this order a number of creditors filed their claims.

Thereafter on February 11 the appellant, Lincoln, presented to the court a petition in which it is alleged that Carroll is a stockholder of the trust company and therefore an improper person to have the charge and management of proceedings to enforce the stockholders' liability. On this petition Lincoln obtained an order to show cause why his proposed supplemental complaint, accompanying the same, should not be substituted for that of Carroll and the latter complaint be stricken out and dismissed. This order was served on no one but Carroll, and he appeared at the hearing. Thereupon an order was made, February 25, setting aside the order granting Carroll leave to file a supplemental complaint; striking out his supplemental complaint; dismissing all the proceedings under that complaint, and all the answers, demurrers and pleadings of any and all stockholders to that complaint, and the summons by which they were brought into the action; granting Lincoln leave to file his complaint and bring in the stockholders, and make them parties to it; and requiring them to answer it. In his supplemental complaint Lincoln alleges that, as assignee under the insolvency law of certain persons who were partners in business, he deposited funds with the trust company, and is one of its creditors.

Thereafter on February 23, 1897, the Northwestern Life Association moved on affidavits to set aside the last-named order, reinstate the prior one giving Carroll leave to file his supplemental complaint, and reinstate all the proceedings had under that order. The affidavits state that the life association is a creditor of the trust company, the amount of the claim being over $15,000; that on February 11 it filed its claim pursuant to the proceedings had under the supplemental complaint of Carroll; that it never had any notice of the application of Lincoln until after the same was granted; and that a large number of other creditors have in like manner filed their

claims under the proceedings instituted by Carroll. On the hearing of the motion, Lincoln appeared; and on May 12, 1897, the motion was granted, Lincoln's proceedings dismissed, and Carroll's reinstated. From the order granting the motion, Lincoln appeals.

Carroll, being himself a stockholder of the trust company, is clearly an improper person to conduct proceedings on behalf of its creditors against its stockholders. He claims that he holds the stock merely as trustee for another person who is not a party to the action. But that is immaterial. He cannot represent conflicting interests as trustee under different trusts, any more than he can represent conflicting interests, one in his own right and one as trustee. But it does not follow from this that Carroll's supplemental complaint and all the proceedings had under it should be set aside and dismissed after the stockholders had been served and had become parties to it. Such a supplemental complaint is filed on behalf of all the creditors. After it is filed it is no more the complaint of the creditor who filed it than of any other creditor who appears and files his claim, and it does not give the creditor who filed it any exclusive management, except so far as it may thereafter be necessary that one creditor shall to some extent be a sort of leader or general manager for all the creditors. But, without undoing what has been done, the court may, in its discretion, at any time take from the creditor who filed the complaint such general management as may thereafter be necessary and give it to some other creditor. On the trial every creditor can stand on the allegations of the supplemental complaint and offer any evidence admissible under it, just as he could if he had filed it himself.

In actions of this character a second supplemental complaint cannot be filed by another creditor without leave of court. Pioneer v. St. Peter, 64 Minn. 386, 67 N.W. 217. And the court should not permit the records to be lumbered up by allowing it to be filed unless there is a necessity for it. It is admitted that Carroll's complaint is sufficient, and is the same in substance as that of Lincoln, except that in the latter complaint the liability of Carroll as a stockholder is more explicity stated. But if Carroll's complaint is defective, or is claimed to be defective, in not truly or properly stating his liability as a stockholder, Lincoln or some other creditor may be

given leave to file on behalf of himself and all other creditors a cross bill against Carroll covering that point; and it may be ordered served on him alone, and he alone required to answer it. It is not necessary, in order to reach Carroll, that his supplemental complaint, and all the proceedings under it, be dismissed.

This disposes of the case, and the order appealed from is affirmed.