LUTHER MENDENHALL v. DULUTH DRY GOODS COMPANY and Others.

May 20, 1898.

Nos. 10,951—(82).

**Corporation — Liability of Stockholders — G. S. 1894, § 5905—Complaint—Parties.**

*Held,* in an action brought to enforce a stockholder's liability under the provisions of G. S. 1894, § 5905, that the complaint was not demurrable on the ground that it appeared therefrom that there was a defect of parties defendant, in that all of the stockholders of the insolvent corporation had not been joined as such defendants.

**Same—Stockholder as Plaintiff—Sufficiency of Complaint.**

That it affirmatively appears from a complaint in such an action that the plaintiff is a stockholder in the corporation is no ground for holding that facts sufficient to constitute a cause of action have not been stated.

**Same—Assignee of Claim as Plaintiff—Not Necessary to Allege Money Consideration for Assignment.**

From the complaint herein it appeared that the action in which plaintiff stockholder obtained the judgment on which this proceeding is founded was based on two notes assigned and transferred to plaintiff by a third party payee therein, "for value received." *Held,* that it was not necessary for plaintiff to allege the money consideration for said assignment and transfer.

Action in the district court for St. Louis county by plaintiff on behalf of himself and all other creditors of the Duluth Dry Goods Company, under G. S. 1894, § 5905, against the Duluth Dry Goods Company and certain of its stockholders, to enforce the constitutional liability of stockholders to creditors. Defendant Ames demurred separately to the amended complaint on the grounds: (1) That there was a defect of parties defendant in that all stockholders had not been made parties defendant; and (2) that the complaint did not state facts sufficient to constitute a cause of action. From an order, Moer, J., overruling said demurrer said defendant appealed. Affirmed.

*Arthur P. Lothrop* and *Henry B. Wenzell,* for appellant.
*Martin W. Watrous* and *Walter Ayers,* for respondent.

COLLINS, J.

1. The complaint herein is not open to the charge that it appears therefrom that not all of the persons who are or have been stockholders in the corporation have been made defendants, and, consequently, that there is a defect of parties defendant.

Such a defect must affirmatively appear from the pleading itself, and it does not here. There are allegations that of the agreed capital stock of 2,500 shares, of the par value of $100 each, there have been subscribed 1,309 shares, of the total value of $130,900; that when these debts were contracted these shares were, and now are, owned and held by the stockholders of the corporation; that these stockholders are certain persons therein named; and that they own and hold the number of shares set opposite their respective names. These numbers aggregate 1,134 shares. Then follow allegations which clearly show that certain other persons owned 175 shares, the balance of the total number subscribed when the debts on which the judgment was obtained were incurred, and that said 175 shares have passed into the hands of other persons, who are named and are made defendants. The contention that, possibly, there might have been intermediate transfers of some of these shares, or that, perhaps, other shares were or have been subscribed for, is without merit.

2. It is also urged that the complaint fails to state facts sufficient to constitute a cause of action.

One of the grounds upon which such a contention is rested is, because it appears from the face of the complaint that plaintiff is one of the stockholders in the insolvent corporation, that he is therefore an improper party to bring an action to enforce the stockholders' liability. While it was said in Maxwell v. Northern Trust Co., 70 Minn. 334, 73 N. W. 173, that a stockholder in an insolvent corporation is an improper person to conduct such a proceeding, it does not follow that a complaint, otherwise sufficient, fails to state a cause of action, because it therein affirmatively appears that the judgment creditor is also a stockholder. Nor does it follow that such a creditor cannot file a complaint and institute a proceeding to enforce the stockholders' liability; for after the proceeding is begun, and the complaint is filed, it is no more that of

the plaintiff than it is of any other creditor who appears, files a claim, and thus takes part in the litigation. The discretion of the court may be exercised at any time as to which creditor shall have general management of the proceeding. In proceedings upon the demurrer interposed by one creditor, the court below could not presume that other creditors had not appeared, filed claims, and thus intervened.

3. It appeared from the complaint that plaintiff did not bring the action which resulted in the judgment on which the proceeding is based as an original creditor of the corporation, but that he brought the action as the assignee of two promissory notes made by the corporation, payable to a third party, and by him indorsed and transferred without recourse, "for value received." There was no allegation as to what sum plaintiff paid for these notes, or that he paid any sum of money whatsoever. It is urged that, for this reason, no cause of action is stated, because this proceeding is in the nature of an equitable action, wherein the respective rights and liabilities as between all parties, the corporation, its stockholders, and its creditors, are to be determined and adjusted; and further that, as between stockholders themselves, the equitable right of contribution exists only in case one pays more than his just proportion of the corporation debts; and also that in a proceeding of this nature the court will not assist the plaintiff stockholder to recover as against his fellows a greater sum than he actually paid for these notes; and that, to state a cause of action, it was necessary for him to allege this exact sum. The further point is made, in this connection, that as the plaintiff is shown to be, and from the outset to have been, a director of the corporation, the law will not permit him to purchase any of its outstanding obligations, but that the purchase, if made, must be held to have been for the benefit of all of the stockholders.

From the articles of incorporation, bearing date August 20, 1890, and made a part of the complaint, it seems that the plaintiff was designated therein as one of the first board of directors. But directors were to be elected on the third Tuesday of January each year thereafter, and there is no presumption that plaintiff has ever been re-elected. According to these articles, plaintiff's term of

office expired in January, 1891. There can be no presumption of his continuance on the board after that time. But even if he remained a director, and the rule of law in reference to his right to purchase outstanding claims, either as such director or as a stockholder, is as contended for, there was no failure to set up a cause of action; for, as owner of the judgment obtained upon the notes, plaintiff was entitled to recover a nominal amount at least. Stockholders may become creditors of a corporation as well as other persons, and the stockholders' liability is enforceable as to all corporate debts without exception. And, as these proceedings are equitable as well as flexible in their nature, there is no difficulty in working out and enforcing through them the rights and liabilities, both legal and equitable, of all creditors and stockholders. Oswald v. Minneapolis Times Co., 65 Minn. 249, 68 N. W. 15; Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069. The judgment obtained against the corporation was conclusive upon it and upon the stockholders, and from the complaint it appeared that the notes were transferred for value. Admitting that, as against the other stockholders, plaintiff could recover no more than the sum paid, he was entitled to recover that, at least.

Counsel for appellant stockholder assert that the case of Hospes v. Northwestern Mnfg. & C. Co., 48 Minn. 174, 50 N. W. 1117, is directly in their favor upon the point that an allegation of the actual money consideration for the transfer of the notes was absolutely required. In their assertion counsel are mistaken, for there a corporation had issued bonus stock to certain of its stockholders, for which the latter were to pay nothing. The proceeding was against these holders, to compel them to pay to another corporation, organized after the insolvency and receivership of the original corporation, and for its benefit, an amount equal to the alleged par value of the bonus stock. The court held that an equity would not be created and enforced for the benefit of the apparent speculation, and its holding with reference to the sufficiency of the pleading was in view of the equitable rights which plaintiff sought to enforce. Here the plaintiff is attempting to enforce a legal right

through an equitable proceeding. The distinction between the cases is obvious.

Order affirmed.