JAMES C. HARPER v. WALTER N. CARROLL, Assignee, and Others.[1]

Aug. 6, 1895.

Nos. 9409-9410—(212-213).

**Stockholders of Banks—Liability after Transfer of Stock.**

That part of G. S. 1894, § 2501, which provides that the stockholders of all banks of deposit and discount shall be individually liable in an amount equal to double the amount of stock owned by them for all the debts of the bank, and such individual liability shall continue for one year after a transfer of their stock shares, construed. *Held,* that the individual liability of a stockholder who, in good faith, has transferred his shares, is confined and limited to such debts as have been created and incurred prior to the time of the transfer.

**Same.**

*Held* that, at the end of the year of continuing liability the novation of the parties may be complete, the old stockholder being relieved of further responsibility. But if, within the year, conditions arise or exist which authorize the commencement of an action to enforce the stockholder's liability, under the provisions of G. S. 1894, c. 76, the right is complete.

**Same—Action to Enforce—Parties—Complaint.**

The action may be maintained by a creditor, in his own behalf and in behalf of all other creditors, against all stockholders, past or present,

[1] Reported in 64 N. W. 145.

who are liable to any of the creditors, the respective rights and obligations to be determined on the trial. But the complaint must show a liability on the part of each defendant to some one or more of the creditors.

On Petition for Rehearing.

Sept. 3, 1895.

**Statute of Limitations.**

Whether the six years provided by the statute of limitations begin to run at the maturity of the debt against the bank, or at the time conditions arise or exist which authorize an action to enforce the stockholders' liability, quære. (Modifying the decision as originally filed.)

Action in the district court for Hennepin county under G. S. 1894, c. 76, in behalf of plaintiff and all other creditors of the Citizens Bank of Minneapolis who should become parties, against Walter N. Carroll, as assignee of said bank, and others, to enforce the liability of the stockholders of said bank under G. S. 1894, § 2501. The complaint alleged among other things that defendant Carroll was assignee of defendant bank under an assignment for the benefit of creditors and that the other defendants were or had been stockholders. From orders, Elliott, J., and Smith, Pond, and Elliott, JJ., respectively, sustaining demurrers of defendants Hill, Sons & Co. and of defendant N. M. Barnes to the complaint, plaintiff appealed. Affirmed.

*W. S. Dwinnell* and *F. F. Davis*, for appellant.

The liability of a stockholder continues for one year after the transfer of his stock. He is liable for all debts which existed at the time of the transfer or which were created during the year subsequent, and the remedy to enforce such liability continues for six years from the end of the year. Gebhard v. Eastman, 7 Minn. 40 (56); Merchants' Bank v. Northwestern Car Co., 48 Minn. 359, 51 N. W. 117.

The liability is created by statute and is always so considered in applying the statute of limitations. Merchants' Bank v. Northwestern Car Co., supra; Barrick v. Gifford, 47 Ohio St. 180, 24 N. E. 259; Terry v. Tubman, 92 U. S. 156; Carrol v. Green, 92 U. S. 509; Baker v. Atlas Bank, 9 Metc. (Mass.) 182; Terry v. McLure, 103 U. S. 442. Stockholders at the time of the commencement of the action are proper defendants. First National Bank v. Winona

Plow Co., 58 Minn. 167, 59 N. W. 997. If the statute is construed as limiting the liability, then a stockholder is liable for all debt existing at the time of transfer for one year thereafter; and if a cause of action accrues during the year against a stockholder by virtue of the insolvency of the bank, the creditor has six years thereafter to commence action. By weight of modern authority, a cause of action accrues against a stockholder on the filing of a deed of assignment in insolvency by the corporation. Barrick v. Gifford, supra; Wright v. McCormack, 17 Ohio St. 86; Cook, Stock & Stockh. § 219; Thompson, Liab. Stockh. §§ 312, 313, 321, 324; Morgan v. Lewis, 46 Ohio St. 1, 17 N. E. 558; Flash v. Conn, 109 U. S. 379, 3 Sup. Ct. 263; Terry v. Tubman, supra; Baker v. Atlas Bank, supra; Mitchell v. Beckman, 64 Cal. 117, 28 Pac. 110; Green v. Beckman, 59 Cal. 545; Com. v. Cochituate Bank, 3 Allen, 41, 49. See R. S. Me. 1857, tit. IV., c. 46, §§ 24–26; Laws N. Y. 1848, c. 40; Handy v. Draper, 89 N. Y. 337.

*Wilkinson & Traxler*, for respondents Hill, Sons & Co.

The tendency of the court is to favor the rule discharging a stockholder from his statutory liability on the bona fide transfer of his stock. Bond v. Appleton, 8 Mass. 472; Child v. Coffin, 17 Mass. 64; Middletown Bank v. Magill, 5 Conn. 28; Cleveland v. Burnham, 55 Wis. 598, 13 N. W. 677, 680; Longley v. Little, 26 Me. 162. See Olson v. Cook, 57 Minn. 552, 59 N. W. 635; North Star Iron Works Co. v. Strong, 33 Minn. 1, 21 N. W. 740.

*Hahn & Hawley*, for respondent Barnes.

COLLINS, J. To determine these appeals, which were taken from orders sustaining general demurrers to a complaint, we are called upon to construe G. S. 1894, § 2501, which section, after requiring that a true and correct list of the names of the shareholders of each bank shall be kept by the president and cashier, together with the amount of stock held by each, the time of transfer, and to whom transferred, and that copies thereof shall be filed in certain public offices on the first Mondays in January and July, in each year, provides that: "The stockholders in each bank shall be individually liable in an amount equal to double the amount of stock owned by them for all of the debts of such bank, and such individual lia-

bility shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

The first proposition contended for by counsel for appellant is that, by reason of the latter part of this section, the stockholder is not only liable for all debts which existed at the time of the transfer of stock, but also for all debts that have been incurred during the year subsequent to such transfer, and that the remedy to enforce such liability continues for six years from the end of the year. But, if it should be held that the liability does not continue as to debts created during the year subsequent to the transfer of stock, the second proposition is that the statute extends the liability which exists at the time of the transfer for the period of one year longer; and, further, that the liability may be enforced at any time within six years thereafter; or, in case a cause of action accrues during the year succeeding the transfer, by reason of the insolvency of the bank, the creditor has six years after such insolvency within which to commence his action. The claim of counsel for respondents is that the purpose of the words, "and such individual liability shall continue for one year after any transfer or sale of stock," was to continue the liability of a transferring stockholder, for one year only, upon all debts existing at the time of the transfer; that there is no continuing liability as to obligations subsequently incurred; and that, as the complaint clearly showed that the debts in question were not created by the bank until after the respondents had ceased to be stockholders, and also showed that more than one year had elapsed after the transfer of the stock before these actions were brought, their clients were discharged and exonerated from all liability. In stating this claim counsel seem to have entirely ignored the allegations in the complaint to the effect that in less than one year after the transfer the bank became hopelessly insolvent, and made an assignment, under the laws of this state, for the benefit of its creditors.

The first inquiry must be as to what debts the transferring stockholder's liability continues. Is he responsible under the statute for only those obligations which have been incurred prior to the time of transfer, or is his responsibility extended so that he is liable for debts not existing when he ceases to be a stockholder, but which may be created within the year following? We think the language

plain, and capable of but one construction. The statute imposes a personal responsibility upon the shareholder, unknown at common law, the design being to impress upon him a personal obligation, which will increase his sense of duty to the creditors of the bank and render him more careful of their interests. It created an individual liability for obligations which then (that is, while the individual is a stockholder) have an existence and are debts, not a liability for those which may be incurred and created in the future, after the individual is no longer a stockholder. And the office of the concluding portion of the sentence is merely to continue this liability for one year after a transfer of the stockholder's interests. It would, and should, require very plain words and unambiguous language for us to hold that a statute fixing the personal liability of a stockholder for the debts of a corporation applied to and included such as might be contracted after he, in good faith, had terminated all connection with it, by a transfer of his stock,—debts incurred when he has no control whatsoever over the corporate management. It was not necessary, as counsel for appellant seem to think, that by the very terms of the statute the liability should have been limited and restricted to debts in existence when the stockholder transfers his shares. On the contrary, the necessity of plain and decisive language would arise when an attempt was being made to extend and enlarge the liability to cases where it would seem to be a manifest injustice,—such, for instance, as fastening the errors and wrongs of one person, in the management of a bank, upon people who have no voice in its management. The liability fixed by section 2501 upon the stockholder of a bank who, in good faith, has transferred his stock, is confined and limited to such debts as have been created and incurred prior to the time of such transfer. There is no liability on the part of these respondents towards plaintiff because it appears from the complaint that the bank became indebted to him after the respondents transferred their stock.

But, in view of the nature of this proceeding, which is brought by plaintiff under G. S. 1894, c. 76, in his own behalf and in behalf of all other creditors who may exhibit their claims against the insolvent, and with reference to future action, it is advisable for us to construe that part of section 2501 which continues the stockholder's liability for the period of one year; and, as to this, we have stated

the positions taken by counsel for the respective parties. Those for respondents treat and construe the language as a statute of limitations, repealing, so far as a stockholder's liability is concerned, the general statute, which limits the period to six years from the time the cause of action accrues. To agree with them, we should be compelled to hold that, because the liability of the stockholder has been continued for one year, it follows that the right to commence an action to enforce that liability is limited to the year, without reference to the time when the cause of action accrues. We cannot so construe this language. The statute was enacted for the benefit and protection of both creditor and stockholder. It declared an individual liability of the stockholders for debts incurred while they held their stock, and then, in case of a transfer, fixed arbitrarily a period of time, one year, at the expiration of which the novation of the parties might be complete by operation of law, and would be complete, under ordinary circumstances, the old stockholders being relieved from further statutory liability. But if within the year the conditions should arise or exist which authorized the commencement of an action under the provisions of chapter 76, the right was complete, and such action can be brought within the time prescribed by the general statute of limitations,—within six years from the time the debt matures. Therefore, the right, in a proper case, to maintain an action to enforce the liability of a stockholder who has transferred his stock, is not limited to one year from the date of such sale and transfer. It depends upon conditions which may arise or exist during the year.

We have said that the plaintiff did not become a creditor of the bank until after defendant respondents had ceased to be stockholders, and therefore that no liability was upon them, according to the allegations of the complaint. Counsel for plaintiff attempt to evade the condition in which they are placed by calling attention to the fact that another creditor of the bank, whose claim and debt antedates the days on which respondents sold and transferred their stock, has filed a complaint in the same proceeding or action. But these demurrers go to the facts alleged in plaintiff's complaint, and, if they are insufficient to constitute a cause of action, another complaint, filed pursuant to an order of the court by another creditor, and after the demurrers had been served, can be of no avail to plain-

tiff's counsel. By the allegation of their complaint, it clearly appeared that plaintiff had no claim against the defendant respondents, and the complaint also failed to show that any other person had an enforceable claim under the statute. We have no doubt that, with proper allegations, this action can be maintained by one creditor, in behalf of himself and all others who choose to come in, as against all stockholders, past or present, who are liable to any of the creditors. The respective rights and duties or obligations of the parties are to be adjusted on the trial.

Orders affirmed.

## On Petition for Rehearing.

PER CURIAM. The petition for a reargument in the above-entitled action is denied; but we are of the opinion that the decision as filed should be, and it is, modified so as to leave the question open as to whether the six-years statute of limitations commences to run at the maturity of the debt against the bank, or at the time the conditions arise or exist which authorize an action to enforce the stockholders' liability.