WILLIAM F. HUNT v. CHARLES G. ROOSEN.[1]

July 3, 1902.

Nos. 13,048—(180).

### Reorganization of Insolvent Bank.

The Allemannia Bank of St. Paul, a banking corporation organized under the laws of the state, became insolvent in 1897, and receivers were appointed to take charge of and wind up its affairs. Subsequently, in April following the appointment of receivers, a majority of the creditors petitioned the district court of Ramsey county to permit and authorize, under Laws 1897, c. 89, a reorganization of the bank on the terms and conditions of that statute, but the same was, after due hearing, ordered dismissed. Some four months subsequently, but without notice to creditors and interested parties, the same petition was again presented to that court, but to a judge other than the judge who had previously ordered its dismissal, who, without knowledge of the prior dismissal, granted its prayer, and ordered the entry of final judgment approving and adopting the proposed plan of reorganization, and adjudging and determining therein and thereby that all stockholders who should pay any portion of their liability as such to aid and assist in the purposes of the reorganization should be released from their statutory liability to the extent of the amount so paid. The receivers were thereupon discharged, and the officers of the bank resumed control of its affairs, and issued to all the creditors, payable in five equal annual instalments, certificates of deposit for the amount of their respective claims, which the creditors accepted and retained; and at no time did any of them, who are now creditors, in any way call in question the validity of the reorganization, or the judgment authorizing it. Defendant was a stockholder of the corporation, and paid, in reliance upon the terms of the judgment, one-half the par value of the stock held by him, to aid in the reorganization, which was effected in the interests of creditors, and for the payment of their debts. It is *held*:

### Findings Sustained by Evidence.

1. That the findings of the trial court, to the effect that all the creditors of the bank acquiesced in and ratified the proceedings under the reorganization, are sustained by the evidence.

### Estoppel of Creditors.

2. That though the judgment adopting and approving the plan of

[1] Reported in 91 N. W. 259.

reorganization was void, because based upon a petition which had been dismissed, the creditors who acquiesced therein, and accepted and retained benefits accruing therefrom, are estopped from now calling the validity of such proceedings in question.

## Liability of Stockholders.

Laws 1897, c. 89, § 4, construed, and *held* to preserve and continue the liability of stockholders, notwithstanding a sale of their stock, to a period of one year beyond the. time fixed for the payment of debts in proceedings under reorganization of banks authorized by that statute.

## Reorganization—Partial Payment by Stockholders.

Whether the court would, if proper objections were made, have authority under said statute to provide for the payment by stockholders of a portion of their liability as such to aid in the reorganization of the bank, and relieve them from subsequent liability to the extent so paid, quære. The question is not presented in this case, for the acquiescence of the interested parties rendered the judgment and proceedings thereunder valid on the principles of estoppel.

Action in the district court for Ramsey county by plaintiff, as receiver of Allemannia Bank, to enforce the full statutory liability of defendant as the owner of five shares of its capital stock of the par value of $100 each. The case was tried before Brill, J., who found, as conclusions of law, that defendant was entitled to a credit of $250 upon his stock liability, being the amount contributed by him in aid of the reorganization of the bank prior to the appointment of plaintiff as receiver, and that plaintiff was entitled to judgment for the sum of $250 and interest, and no more. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*James E. Trask* and *Charles H. Taylor*, for appellant.

The pretended order and judgment of reorganization were without jurisdiction and void. There is no evidence whatever that any of the creditors authorized a petition for reorganization to be presented. Reorganization proceedings under Laws 1897, c. 89, being purely statutory, judgment therein does not import jurisdiction. The person relying on such judgment is bound to allege and prove all facts necessary to give jurisdiction. 12 Am. & Eng. Enc. (1st Ed.) 143, 276; Haywood v. Collins, 60 Ill. 328; Morse v. Presby,

25 N. H. 299; Gray v. Steamboat Reveille, 6 Wis. 59; Umbarger v. Chaboya, 49 Cal. 525; Johnson v. Von Kettler, 84 Ill. 315; Black, Judg. § 279; Adams v. Jeffries, 12 Ohio, 254, 272; Thatcher v. Powell, 6 Wheat. 119.

The rule that jurisdiction to enter judgment cannot be attacked in a collateral proceeding has no application, because it appears on the face of the proceedings that the court did not have jurisdiction. There is no evidence that any of the creditors ever acquiesced in the pretended judgment or reorganization. The mere acceptance and retention of new certificates of deposit do not constitute an acquiescence in the pretended judgment of reorganization, even as to those creditors who received and retained those certificates. Nor does the acceptance of certificates estop creditors from asserting the invalidity of the pretended judgment.

*Edward P. Sanborn* and *Charles Bechhoefer*, for respondent.

A party may make a judgment which is void for want of jurisdiction over him or over the subject-matter of the suit as valid and binding as to him by acquiescing in or accepting benefits under that judgment as it would be if the court had jurisdiction.

BROWN, J.

Action by the receiver of an insolvent bank to enforce the stockholder's statutory liability, in which plaintiff had judgment for a portion of the amount claimed, and appeals from an order denying a new trial.

The facts are as follows: The Allemannia Bank is, and has been since 1893, a corporation organized under the laws of this state, and engaged in the business of a bank of discount and deposit at St. Paul. The amount of its capital stock was $400,000, divided into four thousand shares, of $100 each. In January, 1893, defendant became, and still is, a stockholder in the corporation, owning five shares of its capital stock, of the par value of $500. The bank became insolvent, and on January 4, 1897, for the purpose of winding up its affairs and paying and discharging its debts and liabilities, receivers were duly appointed by the district court of Ramsey county, who duly qualified and entered upon the discharge of their duties as such. Thereafter, on April 8, 1897, a petition by a

majority of the creditors of the bank, proposing a plan for its reorganization, and to enable it to wind up its affairs and pay its debts in full, was duly presented to that court, under and pursuant to the provisions of Laws 1897, c. 89, upon which the court, by order, fixed a time and place of hearing thereon, providing therein for the service of the same upon all interested parties, as prescribed by the terms of the statute. At the time and place so fixed, or, rather, at an adjournment of the hearing, parties interested appeared by their respective attorneys; and the court (Hon. William Louis Kelly, one of the judges thereof), after due consideration ordered the petition dismissed, without prejudice. The order was in writing, dated May 25, 1897; but in some way it became lost, and a year and four months subsequently a duplicate thereof was substituted for the original, and duly filed in the office of the clerk.

About four months after the dismissal of the petition by Judge Kelly, Albert Scheffer, claiming to represent a majority of the creditors, presented the same petition to Hon. John W. Willis, another of the judges of the said court, who was not informed of the prior dismissal, with a request that the prayer of the petitioners be granted; and an order was then made by him approving the proposed plan of reorganization, and ordering the entry of final judgment to that effect. The judgment, as subsequently entered upon that order, contained the following provision, viz.:

"That none of the stockholders present or past of said bank shall in any way or to any extent be released from any existing liability by reason of said reorganization and adjustment of its affairs, or by reason of the entry of this judgment, except those who have, prior to the reorganization of said Allemannia Bank and the entry of this judgment of reorganization, paid into said bank moneys to aid, assist, and procure such reorganization, who shall and hereby are adjudged to be relieved of their present stockholders' liability to the extent of the various sums of money respectively so paid by them."

Substantially the same provision was embodied in the order of Judge Willis.

The statute under which the order was made provides as follows:

"Whenever any company or corporation exercising banking pow-
ers under the laws of this state has or shall have become insolvent
and has or shall have come under the control of any court of
competent jurisdiction under an assignment for the benefit of
its creditors, or the appointment of a receiver  *  *  *  it shall
be lawful for a majority in number and amount of the creditors of
such company or corporation, exclusive of secured creditors
*  *  *  by themselves or by a committee to be appointed by
them to prepare and submit to such court a plan for the readjust-
ment of its affairs, or for the reorganization of such company or
corporation; such plan shall provide"

for the payment of debts, preferred and otherwise, as therein
directed.

Upon the entry of the judgment the receivers turned over the
assets and property of the bank to the officers thereof, as required
by the terms of the judgment; and such officers took charge of the
same, and thereafter conducted its affairs,—not as a bank of
discount, however, but for the sole purpose of converting its assets
and property into money, to enable it to pay and discharge the
debts of the corporation. Subsequent to the order for reorganiza-
tion, but prior to the formal entry of the judgment, plaintiff paid
to Albert Scheffer, who was president of the bank, the sum of
$250,—the same being fifty per cent. of the par value of the stock
owned by him,—to aid, assist, and procure such reorganization,
and to carry out the purposes sought to be accomplished by it.
A large number of other stockholders made similar payments for
the same purpose, without which no reorganization at all could
have been effected. Prior to the reorganization an assessment of
$100 on each share of stock had been made by the state bank
examiner, but was not paid by the stockholders. Immediately
after the entry of judgment, certificates of deposit were issued by
officers of the bank, and delivered by the receivers to each and all
of its creditors for the amounts due them, respectively, payable in
five equal annual instalments, nearly all of whom accepted the
same. Some refused to do so, however, and their claims were
afterward paid in full. Abel v. Allemannia Bank, 79 Minn. 419,
82 N. W. 680. The first instalment due on such certificates was
paid to the holders thereof at the end of the first year, and the
money was accepted and retained by them. The reorganization

plan proved a failure, in so far as the payment of debts was concerned; and, being unable to continue further thereunder, plaintiff was appointed receiver of the affairs of the bank, and, after duly qualifying as such, brought this action to enforce the full liability of the stockholders.

The case was tried before the court below without a jury, and the court found as facts, in reference to the conduct of the creditors with respect to the reorganization proceedings, that, although the original petition in the matter of the reorganization was in fact dismissed by the order of Judge Kelly, the creditors of the bank and owners of its indebtedness existing on June 8, 1900, when the plaintiff in this action was appointed receiver, all acquiesced in the subsequent order of Judge Willis adopting a plan of reorganization, and in the final judgment entered thereon, and in all that was done by the bank, its stockholders and its receivers, pursuant to said order and final judgment, and none of them ever instituted any proceedings to vacate or set aside the order or judgment, and that they ratified and confirmed the same. Judgment was ordered in the court below against defendant for the sum of $250; the court holding that the creditors, having acquiesced in the reorganization proceedings, and having received the benefits thereof, were estopped from questioning the validity of the judgment relieving the stockholders from their liability to the extent of the payments made to aid and assist in such reorganization, thus giving force and effect to the judgment which so provided. Several questions are presented by appellant's assignments of error, and the first with which we are confronted is whether the findings of fact just referred to are sustained by the evidence. We turn to that question first, for it is one of the controlling features of the case.

It must be conceded that the order of Judge Willis, made and based as it was upon a petition which had been previously dismissed by the order of Judge Kelly, was unauthorized and void, furnishing no authority for the entry of the judgment, or, in the absence of acquiescence or ratification, authority for the subsequent proceedings thereby approved and authorized. But although void, if the interested parties, creditors of the bank,

acquiesced therein and received the benefits accruing therefrom, they are in no position now, as we shall presently see, to raise the question as to the validity of the judgment, or the proceedings thereunder. So it becomes important to inquire whether this finding is sustained by the evidence. There were a large number of creditors of the bank, and they were all aware of the fact that receivers had been appointed to wind up its affairs. They were duly notified that proceedings were pending looking to its reorganization; and they knew that, if the proposed plan was effected, a reinstatement of the officers of the bank and the discharge of the receiver would follow. The delivery to them subsequent to the reorganization of certificates of deposit, signed by the bank officers, for the amount of their claims, was notice to them that a reorganization had been brought about. They knew that, if the receivers were still in charge, certificates of deposit could not properly be issued by its officers; and they were thus notified, impliedly, at least, that the bank had become reorganized, and was transacting business as though no receivers had ever been appointed. The officers of the bank continued in the management of its affairs two years after the reorganization, and it is fair to presume that the creditors took sufficient interest in the matter to have learned the true situation, yet at no time was their authority in the premises brought in question. The inferences arising from these facts and circumstances, and others that might be detailed, were for the trial court to draw. They tend very strongly to show a knowledge of all that was being done by the bank, or at least were sufficient to put the creditors upon inquiry, which is equivalent to knowledge and notice, and we conclude that the findings should be sustained. The few creditors who received no certificates of deposit, whose debts amounted in the aggregate to about $3,000, are in no better position than those who did. They had equal opportunity to learn the facts. The findings upon this subject, if it be conceded that the evidence is not clear and specific, are not so clearly against it as to justify this court, within the familiar rule, in setting them aside.

We turn, then, to the branch of the case involving the question whether stockholders of a banking corporation may be relieved

of their statutory liability in the manner here attempted, or, in other words, whether the acquiescence of the creditors, as shown by the findings of the trial court, operates as a release; conceding the invalidity of the proceedings from a legal standpoint.

The petition for the reorganization of the bank was presented to the court after proper notice to the interested parties, but was dismissed, and some three or four months subsequently re-presented to a judge of the court, other than the one who ordered its dismissal, who approved the plan, and made an order authorizing its adoption. No new notice was served upon any of the interested parties, and, so far as the record shows, it was presented to the court ex parte by Albert Scheffer, president of the bank, claiming to represent a majority of the creditors. The court clearly had no jurisdiction to act upon the petition after the same had been dismissed; and the order made approving the plan of reorganization, and the subsequent judgment entered thereon, standing alone, were void and of no validity. But the creditors interested in the bank, as found by the trial court, acquiesced therein, and accepted and retained benefits accruing therefrom, and at no time were proceedings commenced by them to set aside the judgment or order, or otherwise question the authority of the officers of the bank to proceed thereunder; and the judgment has at all times remained of apparent full force and effect.

The question presented is whether, under such circumstances, the creditors can now be heard to dispute the validity of such proceedings. Defendant, being one of the stockholders of the bank, was, under the constitution and laws of the state, liable to the creditors of the concern to the extent of the par value of the stock owned by him; and this liability could be enforced by the creditors in an action of this kind, and undoubtedly would have been enforced by the former receivers, had not the reorganization ousted them from office. As such stockholder he was liable, however, but once; and if his liability had been enforced to the extent of the par value of the stock owned by him, by the receivers or other proper authority, his obligations to the creditors would have been fully discharged, whether the debts of the corporation were paid or not. Defendant has paid one-half the amount for which

he was liable under the laws of the state, to aid the corporation to meet its obligations, and under the terms of the judgment releasing him to the extent so paid. True, the payment was not made in proceedings instituted by the creditors to compel it, but it was paid to aid and assist in the reorganization of the bank, and for their exclusive benefit. The purpose of the reorganization plan was to permit the officers of the bank, and those immediately concerned in the management of its affairs, to collect and convert its assets into money, and to pay and discharge its liabilities; and the only business transacted under the reorganization was for the purpose of accomplishing that result; no banking business proper was transacted; and the evident intent of the legislature, as shown by the provisions of the act heretofore referred to, was to permit the officers of the bank to supersede the receivers, on the, no doubt, correct theory that their familiarity with its affairs would better facilitate the accomplishment of that end. The money paid in by defendant and a large number of other stockholders, aggregating something like $75,000, was paid to the creditors, and they received and retained it. No benefit whatever accrued therefrom to the stockholders or any of the officers of the bank.

It appears to us, so far as this branch of the case is concerned,—though we must confess that the matter is not wholly free from doubt,—that the creditors are estopped from calling in question the validity of the judgment and reorganization proceedings. To permit them to do so would result in compelling the stockholders to discharge their statutory liability in part a second time, and award to the creditors a double benefit,—a benefit they could not otherwise obtain or secure. The order providing for the reorganization, as well as the final judgment entered thereon, expressly preserved and saved the statutory liability of the stockholders, except to the extent of money paid to aid and assist in the reorganization, and to that extent they were relieved. Upon the faith and credit of this judgment, which, so far as the record shows, was acted upon by all parties in the most perfect good faith, defendant paid the amount stated; and it would be inequitable and unjust to require him to pay it again.

We are not called upon to consider whether an acquiescence or ratification of the reorganization plan by a part of the creditors would be effective as to others who did not ratify, nor whether the mere acceptance of the certificates of deposit would, standing alone, constitute a ratification; for the findings of the trial court render a decision upon either question unnecessary. The court found that all the creditors acquiesced in the reorganization proceedings, and we hold that the facts and circumstances shown in the record were sufficient, taken all together, to sustain the finding. We have found no case directly in point; but there are many wherein it is held that the acquiescence in a void judgment, or acquiescence in other invalid proceedings, estops the parties from subsequently calling them in question. In Hathaway v. Brown, 22 Minn. 214, was involved a fraudulent sale, void as to creditors; and it was held that the creditors might make the sale valid, as to them, by pursuing the property which the debtor had received in exchange for the property claimed to have been fraudulently sold. In Aberle v. Schlichenmeir, 51 Minn. 1, 52 N. W. 974, the court held that a creditor who assents to and affirms a void assignment for the benefit of the creditors cannot afterwards contest its validity. The same was held in Scott v. Edes, 3 Minn. 271 (377). In Marvin v. Foster, 61 Minn. 154, 63 N. W. 484, it appeared that a judgment for divorce was void because the summons was not served; but certain benefits had resulted to defendant by the action, and he had availed himself thereof. It was held that he could not attack the judgment for want of jurisdiction. It appeared that after the entry of judgment, which was clearly without jurisdiction, defendant had remarried; and, his first wife having subsequently died, he made an effort to obtain an interest in her estate, as her surviving husband, on the ground that the judgment of divorce was void. He was not permitted to do so. The same principle is laid down in Deering & Co. v. Peterson, 75 Minn. 118, 77 N. W. 568; Deering Harvester Co. v. Donovan, 82 Minn. 162, 84 N. W. 745; Anderson v. Johnson, 74 Minn. 171, 77 N. W. 26; Jones v. Langhorne, 19 Colo. 206, 34 Pac. 997; Pike v. Stallings, 71 Ga. 860; Kile v. Town, 80 Ill. 208.

It was very strenuously urged on the oral argument that the order and judgment in the reorganization proceedings were in violation of positive law, constitutional and statutory, and consequently illegal, and that the creditors of the bank could not be held bound by it without some showing of actual knowledge and intentional ratification; that, even conceding that the trial court was justified in finding a silent acquiescence in the proceedings, the creditors who so acquiesced had the right to rely upon certain provisions of the statute which appellant contends continues the stockholders' statutory liability to the full par value of their stock in the event the reorganization results in a failure to pay the debts, from which the court had no authority whatever to relieve them. Reliance is made in this connection upon chapter 89, § 4, under which the reorganization proceedings were had. This section provides:

"The stockholders, being stockholders at the time the insolvency proceedings are commenced, of the corporation or company so organized, or the affairs of which shall be adjusted under the provisions of this act, together with the stockholders who have sold or transferred their stock within one (1) year prior to the suspension or insolvency of the corporation, shall remain liable as stockholders of said corporation for a period of one (1) year after the time fixed for the payment of the obligations of such corporation by such plan and order, notwithstanding any sale or transfer of their stock in the meantime."

It is true that there is no finding and no evidence that the creditors had actual knowledge of the terms and provisions of the order and judgment in the reorganization proceedings; and, if this statute is to be construed as contended by appellant, there is much force in the contention that the creditors are not bound thereby. If this statute fixes a positive and certain liability on the part of the stockholders,—and such was the intention of the legislature,—clearly it was not within the power of the court to relieve them therefrom; and any attempt to do so would have no binding force, in the absence of an express ratification. And if such be the proper construction of the statute, and no actual notice of the terms of the judgment be brought home to them, the creditors had the right, even though it be held that by their silence they ac-

quiesced in and ratified the reorganization proceedings, to assume that they were being conducted in harmony and compliance with the terms of the statutes.

But a careful reading of the statute does not sustain appellant's contention. The evident purpose of the legislature was to prevent the stockholders from selling and transferring their stock pending the reorganization proceeding, and thus becoming released and discharged from their liability. G. S. 1894, § 2501, as amended by Laws 1895, c. 145, provides, among other things, for a record of stockholders and of sales and transfers of shares of stock, and that the individual liability of the stockholder shall continue for a period of one year after any sale and transfer of stock has been made. So that under this prior statute the liability of a stockholder, where a sale or transfer of stock has been made, continues no longer than a year subsequent to the sale; and proceedings to enforce the same must be brought within that time, or the right of action is barred and the stockholder absolutely discharged. Harper v. Carroll, 62 Minn. 152, 64 N. W. 145. The statute is one of limitation, and the rules and principles of law applicable to that subject generally apply. The liability of stockholders is created exclusively for the benefit of creditors, and can be enforced only in their behalf, and then only when the corporation is insolvent and unable to pay its debts. In re People's Live Stock Ins. Co., 56 Minn. 180, 185, 57 N. W. 468. It could not be enforced pending proceedings under reorganization, like that in the case at bar. Pending such proceedings the right to enforce it would be suspended, and if the stockholders should, upon the adoption and approval of a plan of reorganization as provided by the act of 1897, sell and transfer their stock, and the period fixed for the payment of its debts extend beyond the one year fixed by the general statutes for enforcing their liability, the right would be barred, and the stockholders released and discharged. To prevent an occurrence of this kind, the legislature embodied in chapter 89 the provisions above referred to, preserving and continuing the liability of stockholders pending the proceedings under reorganization, notwithstanding a sale of stock in the meantime, and extending

the time for its enforcement to a period of one year beyond the time fixed by the reorganization for the payment of debts. This was clearly the intention of the legislature, and the only interpretation the statute will bear, consistently with the purposes of the act, and the rights and liabilities of all parties concerned. It certainly was not intended to create a liability on the part of stockholders, for one already existed under previous statutes and the constitution of the state; nor was it intended to prohibit the court, in proceedings under it, from providing for payments by stockholders of a part of their liability to aid in the plan of reorganization, and to relieve them from further liability to the extent of the payment thus made.

If our conclusions on this subject are sound,—and there would seem to be no escape from them,—it follows that the object and purpose of this particular provision of the statute was to extend the time for enforcing the liability of stockholders, and to prevent them from relieving themselves from liability by a sale of their stock subsequent to the reorganization; and the judgment of the court cannot be assailed as in express violation of the law. The contention of appellant, therefore, that the statute created and preserved a liability on the part of stockholders to the full par value of their stock, notwithstanding payments made by them in aid of the plan of reorganization, and that, though the creditors may be said to have acquiesced in such proceedings, they had the right to assume that they were being conducted in harmony with that view of the statute, cannot be sustained. Whether it was within the power of the trial court to embody in the judgment the provisions complained of, we need not determine. Whether within its power or not, the acquiescence of the creditors therein amounts to a ratification, and the suggested question is of no consequence.

It is also contended by appellant that the provisions of the order and judgment in question must be construed to extend to the indebtedness of the corporation existing prior to the reorganization of the bank, and not to any portion of the debt contracted thereafter. It is insisted in this connection that the issuance of new certificates of deposit after the reorganization was effected created

a new indebtedness, and one not covered by the judgment. The certificates of deposit, though new contracts (Seymour v. Bank of Minnesota, 79 Minn. 211, 81 N. W. 1059), were not the creation of new debts, but only the evidence of old debts existing prior to the reorganization proceedings. Mere change in the form of the evidence of a debt does not change its character from an old to a new debt. The debt remains. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923. The debts of this corporation existing prior to the reorganization, and evidenced by the new certificates of deposit, were the debts for the payment of which the stockholders were liable at the time of the reorganization proceedings, and were not paid or discharged by the new certificates of deposit.

We have examined with care all the assignments of error, and the very lucid and able brief of counsel, but find no reversible error in the record.

The order appealed from is affirmed.