**CHAPMAN, Com'r of Insurance and Banking, v. HILL. (No. 10909.)**

(Court of Civil Appeals of Texas. Fort Worth. Dec. 20, 1924. Rehearing Denied Jan. 17, 1925.)

1. **Banks and banking** ⬤➞48(1)—**Act of banking commissioner, in making levy on stockholder for contribution within 12 months after transfer of stock, fixes liability of stockholder.**

Where banking commissioner, as authorized by Const. art. 16, § 16, and Rev. St. art. 552, makes a levy on a stockholder for contribution within 12 months after such stockholder has transferred his stock as prescribed by statute, such act fixes the liability of such stockholder.

On Motion for Rehearing.

2. **Banks and banking** ⬤➞49(7)—**Petition, in action seeking to enforce stockholder's liability against transferors and transferees of stock, held sufficient as against general demurrer.**

In action by banking commissioner to enforce payment of assessment against stockholder who had transferred his stock and those to whom it was transferred, petition, alleging that at time transfer of stock was made from original stockholder to another, and from such other to still another, and at time the bank was closed and came into hands of commissioner, debts of bank were largely in excess of par value of shares of stock owned and transferred, *held* sufficient as against general demurrer.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by J. L. Chapman, Commissioner of Insurance and Banking, against J. R. Hill and others, in which named defendant filed a plea of privilege. From judgment sustaining such plea, plaintiff appeals. Reversed and remanded, with directions.

Smith & Woodruff, of Comanche, for appellant.

Burkett, Orr & McCarty, of Eastland, for appellee.

BUCK, J. An action was brought by J. L. Chapman, as commissioner of insurance and banking, against Tom Harrell, alleged to be a resident of Eastland county, J. Thomas Driscoll and J. R. Hill, alleged to be residents of Harris county. The suit was instituted for the purpose of enforcing the payment of a bank stock assessment levied by the commissioner June 10, 1921. It was alleged that Tom Harrell owned stock in the Guaranty State Bank of Sipe Springs, and on August 18, 1920, transferred said stock to J. Thomas Driscoll; that Driscoll transferred the same stock to J. R. Hill on December 16, 1920; that the Sipe Springs bank

was adjudged to be insolvent May 31, 1921. Suit was filed June 9, 1923.

J. R. Hill filed his plea of privilege to be sued in Harris county, alleging that from the allegations of plaintiff's petition no cause of action was shown against Tom Harrell; that it appeared from such allegations that Harrell was not liable under article 552, Rev. Statutes, and that he was made a party defendant for the fraudulent purpose of fixing the venue of suit in Eastland county. Article 552 reads as follows:

"If default shall be made in the payment of any debt or liability contracted by any bank, trust company, surety and guaranty company, [or] savings bank, each stockholder of such corporation, as long as he owns shares therein, and for twelve months after the date of a transfer thereof, shall be personally liable for all debts of such corporation existing at the date of such transfer, or at the date of such default, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred."

The plaintiff filed a controverting affidavit to the plea of privilege, in which it was alleged that inasmuch as suit was filed within two years from the date when levy was made on the stockholders, and inasmuch as the levy was made within one year from the date of transfer of stock by Harrell to Driscoll, that Harrell was liable. The court sustained the plea, and plaintiff has appealed.

Article 16, § 16, of the state Constitution, in part, provides:

"The Legislature shall, by general laws, authorize the incorporation of corporate bodies with banking and discounting privileges, and shall provide for a system of state supervision, regulation and control of such bodies which will adequately protect and secure the depositors and creditors thereof. Each shareholder of such corporate body incorporated in this state, so long as he owns shares therein, and for twelve months after the date of any bona fide transfer thereof, shall be personally liable for all debts of such corporate body existing at the date of such transfer, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred."

Defendant Harrell, in the court below, pleaded the statutes of limitation generally, and specially the two-year statute. Therefore, probably, we need not further discuss appellant's contention that under article 5706, Rev. Civil Statutes, the laws of limitation of this state shall not be made available to any person in any suit in any of the courts in this state, unless it be specially set forth as a defense in his answer. It appearing that at the time of the court's action on Hill's plea of privilege, Harrell had

pleaded limitations, and if his plea should be sustained by the trial court, that Harrell would go out of the case, we think the court properly considered the question as to the sufficiency of Harrell's plea in passing on Hill's plea of privilege.

The question involved in this case is whether the 12 months mentioned in article 552 is an extended period of liability, or a period of limitation. If the time mentioned be a period of liability only, then the venue should properly be held to be in Eastland county, for the reason that the stockholders' liability would not be determined until a levy had been made upon the stockholders for contribution. In Harper v. Carroll, 62 Minn. 152, 64 N. W. 145, the Supreme Court of Minnesota had before it the construction of a statute providing that:

"The stockholders in each bank shall be individually liable in an amount equal to double the amount of stock owned by them for all of the debts of such bank, and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

The plaintiff contended that the statute extended the liability which existed at the time of the transfer for a period of one year, and that such liability might be enforced at any time within six years (the statutory period applying) thereafter. The defendant contended that the words "and such liability shall continue for one year after any transfer or sale of stock" meant that the statute fixed a new period of limitation. The court said, in part:

"Those for respondents treat and construe the language as a statute of limitations, repealing, so far as a stockholder's liability is concerned, the general statute, which limits the period to six years from the time the cause of action accrues. To agree with them, we should be compelled to hold that, because the liability of the stockholder has been continued for one year, it follows that the right to commence an action to enforce that liability is limited to the year, without reference to the time when the cause of action accrues. We cannot so construe this language. The statute was enacted for the benefit and protection of both creditor and stockholder. It declared an individual liability of the stockholders for debts incurred while they held their stock, and then, in case of a transfer, fixed arbitrarily a period of time, one year, at the expiration of which the novation of the parties might be complete by operation of law, and would be complete, under ordinary circumstances, the old stockholders being relieved from further statutory liability. But if within the year the conditions should arise or exist which authorized the commencement of an action under the provisions of chapter 76, the right was complete, and such action can be brought within the time prescribed by the general statute of limitations— within six years from the time the debt matures. Therefore, the right, in a proper case, to maintain an action to enforce the liability of a stockholder who has transferred his stock, is not limited to one year from the date of such sale and transfer. It depends upon conditions which may arise or exist during the year."

In Harris v. Briggs, Com'r (C. C. A.) 264 F. 726, it is urged that the two-year statute of limitation of Texas applied, and that the limitation began to run when the bank went out of existence. The Circuit Court of Appeals for the Eighth District decided that the cause of action accrued in favor of the commissioner on the date the assessment was levied, and cited in support of its ruling Hawkins v. Glenn, 131 U. S. 319, 9 S. Ct. 739, 33 L. Ed. 184; Glenn v. Liggett, 135 U. S. 533, 10 S. Ct. 867, 34 L. Ed. 262; Glenn v. Marbury, 145 U. S. 499, 12 S. Ct. 914, 36 L. Ed. 790.

Inasmuch as the decisions of the United States Supreme Court cited in Harris v. Briggs, supra, sustain the conclusion there reached that the statute of limitation does not commence to run in favor of a stockholder of a bank sued for an installment on his stock until a formal call or assessment has been made by a duly authorized authority, and inasmuch as this rule seems to be in accord with the general trend of authority, we conclude that plaintiff's petition was not subject to the plea of limitation urged by Harrell. Appellee relies, in part, upon the decisions in Gager v. Paul, 111 Wis. 638, 87 N. W. 875, the court having for construction certain sections of the Wisconsin Banking Act, which provide that—

"The stockholders in every corporation or association organized under the provisions of this act shall be individually responsible to the amount of their respective share or shares of stock for all its indebtedness and liabilities of every kind. * * * Each and every person owning or holding stock in any bank or banking association who shall sell, transfer or assign his stock * * * shall be held and remain for the term of six months from and after such sale * * * personally liable to the amount of the stock so as aforesaid sold * * * for the payment of all debts and liabilities of such bank or banking association existing at the time of such sale, transfer or assignment."

In this case the court said:

"Some statutes with more or less clearness extend the liability of a transferror, not to the then creditors for a term of six months, but to all who shall become creditors within a term of six months; thus warranting a construction to the effect that the class to whom liability shall exist only is limited by that term, and the liability, having arisen, may be enforced when the creditors choose, subject only to the general limitations upon actions. Such construction is clearly excluded by our statute. The liability is limited to those who are creditors at the time of the transfer, and, if that liability were intended to be enforceable at any time within the ordinary period for bring-

ing actions, the clause 'for a term of six months' would be meaningless. That clause can have but one significance, and that its obvious one—namely, that at any moment within the specified period there exists a liability from the transferring stockholder to each and all of the defined class of creditors on which suit can be brought * * * and that after such six months he is not liable at all. Hence the only reasonable construction seems to be that, if a suit is commenced while that liability exists, the creditors are entitled to recover, but, after such liability has expired, no action can be maintained or serve to revive it."

Appellee urges that inasmuch as the court in Gager v. Paul, supra, stated that section 16 of the Wisconsin Banking Act (St. 1898, § 2024, subsec. 16) was different from the provisions on the same general subject in other states, and that there were no court decisions from other states helpful in its construction, and inasmuch as the Harper v. Carroll Case, supra, was decided more than six years prior to the Wisconsin decision, and inasmuch as the two decisions are in apparent conflict, that it is difficult to understand the statement of the Wisconsin Supreme Court as to this matter. But he urges that the Minnesota Supreme Court, in Hunt v. Roosen, 87 Minn. 68, 91 N. W. 259, decided in 1902, abandoned the view expressed in Harper v. Carroll, and adopted the view expressed in Gager v. Paul. We do not understand that in Hunt v. Roosen the Supreme Court of Minnesota conceded their error in Harper v. Carroll. The court said:

"So that under this prior statute the liability of a stockholder, where a sale or transfer of stock has been made, continues no longer than a year subsequent to the sale; and proceedings to enforce the same must be brought within that time, or the right of action is barred and the stockholder absolutely discharged. Harper v. Carroll, 62 Minn. 152, 64 N. W. 145."

We think that in the instant case "proceedings to enforce" the liability of Harrell were commenced by the action of the duly constituted authority, the commissioner of insurance and banking, in making the levy upon the stockholders on June 10, 1921, and thereby fixed the liability of Harrell. It is true that in Hunt v. Roosen the court further said that—

"The statute is one of limitation, and the rules and principles of law applicable to that subject generally apply. The liability of stockholders is created exclusively for the benefit of creditors, and can be enforced only in their behalf, and then only when the corporation is insolvent and unable to pay its debts."

[1] But whether the statute is one of limitation or one fixing the liability of the stockholder, we think that when the banking commissioner, duly authorized so to do under law, makes the levy within the time prescribed by the statute, to wit, 12 months, that such act fixes the liability of the stockholder. In the case of Austin v. Campbell, 210 S. W. 277, writ refused, the Texarkana Court of Civil Appeals says:

"The next question is: How shall the liability of shareholders be enforced? No formal method has been provided by our statute. Article 459, which is the only provision in any way bearing upon that subject, merely says:

"'The commissioner may, if necessary to pay the debts of such state bank, enforce the individual liability of the stockholders.'

"It would be an unwarranted limitation of the meaning of this article to say that it does not authorize the commissioner to collect from all whose liability depends upon owning, or having owned, shares of stock in the banking corporation—former shareholders as well as present shareholders. By the banking law the commissioner is made the liquidating agent whose duty it is to collect and assemble for distribution among the creditors of an insolvent bank all the funds available for the payment of its debts. * * * It devolves upon him to determine when it is necessary to enforce the individual liability of the shareholders and how much each shall pay. A similar authority conferred upon the United States Comptroller of the Currency is considered as a quasi judicial function, and his decision is treated with the same sanctity usually accorded to judicial decrees. Collier v. Smith, 169 S. W. 1108, and cases cited. When the commissioner has determined that it is necessary, to settle the bank's debts, that the stockholders shall pay all or a part of that for which they are made liable, and fixes the amount each shall contribute, the debt of each shareholder becomes due and payable. Notice of the amount thus assessed and demanded of him is all that any shareholder may claim as a condition precedent to the filing of a suit against him to compel payment. The notice, however, is not a jurisdictional prerequisite to the filing of the suit by the commissioner where payment is not made; it is only for the purpose of enabling the shareholders to do without suit what he may be compelled to do by suit."

The court further says:

"The only difference between the attitude of a former stockholder and that of an existing stockholder toward the creditors of the bank is that one class is liable for all debts, and the other may be liable for only a part. * * * The only fact which a former stockholder may plead which is not equally available to an existing stockholder is that the unpaid debts of the bank did not exist when he assigned his stock."

We have read with care the able brief presented by appellee, and examined the authorities upon which he relies to sustain the action of the trial court; but we do not find any case, except, possibly, that of Gager v. Paul, in conflict with the holding in Harper v. Carroll, supra. Inasmuch as the extention of time of the liability of the stockholder who has transferred his stock, by the terms of the constitutional provision, is for the benefit of the depositors and other credi-

tors of a defunct bank, we believe that the holding in Harper v. Carroll is sound.

Therefore the judgment of the trial court sustaining the plea of privilege of Harrell is reversed, and the cause remanded to the district court of Eastland county, with instructions to set aside said judgment of transfer, and to leave the case on the docket of the Eastland county district court for trial.

### On Motion for Rehearing.

[2] On motion for rehearing, appellee insists that the plaintiff's petition did not specifically allege that the debts for which the plaintiff was attempting to hold the defendants, and especially Tom Harrell, had accrued or existed at the time of the transfer of Harrell's stock to Driscoll. It is true that the pleadings as to this matter are not as full and specific as they might have been, but we believe they were sufficient as against a general demurrer. Plaintiff alleged—

"That at the time that said transfer of stock was made from the defendant Tom Harrell to J. Thomas Driscoll and from J. Thomas Driscoll to the defendant J. R. Hill, and at the time said institution was closed and came into the hands of the commissioner of insurance and banking, the debts of the Guaranty State Bank of Sipe Springs, Tex., contracted in the course of its business, were largely in excess of the par value of the shares of stock owned and transferred by the defendants herein."

We have considered the other questions raised in the motion for rehearing, but believe we correctly decided them in our original opinion.

The motion for rehearing is overruled.