Note.—See under (1) 13 C. J. p. 728 §856; 6 R. C. L. pp. 947, 948; 2 R. C. L. Supp. p. 251; 4 R. C. L. Supp. p. 453; 5 R. C. L. Supp. p. 381. (2, 3) 35 Cyc. p. 252 (Anno). (4) 2 C. J. p. 869 §549; pp. 871, 872, §550; 21 R. C. L. p. 844; 3 R. C. L. Supp. p. 1195. (5) 38 Cyc. p. 1574 ; 26 R. C. L. p. 1073; 4 R. C. L. Supp. p. 1696; 5 R. C. L. Supp. p. 1438.

---

**STATE ex rel. STRAIN, Bank Com'r, v. FLEMING et al.**

No. 16149—Opinion Filed Nov. 17, 1925.

Rehearing Denied July 6. 1926.

(Syllabus.)

**Banks and Banking—Insolvent State Bank —Liability on Stock Transferred.**

Under section 4177, Comp. Stats. 1921, if L. is the owner of certain shares of the capital stock of a state bank and sells or transfers such stock to F., and such bank becomes insolvent within one year from the date the transfer of such shares was made upon the books of the corporation, L. is jointly liable with F. to the creditors of the bank in the amount of the stock so transferred.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by the State of Oklahoma, on relation of Joe H. Strain, Bank Commissioner, against Fred Fleming and N. V. Leonard. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Clarence J. Mull, for plaintiff in error.

F. D. Leonard and Watts & Broaddus, for defendant in error N. V. Leonard.

PHELPS, J. Plaintiff in error, which was plaintiff below, filed its petition in the district court of Wagoner county, alleging that on the 21st day of December, 1922, the First State Bank of Wagoner, Okla., was declared insolvent, alleging that, after applying all the available assets of said bank to the liquidation of its liabilities, there would be a deficit in the sum of $220.000. It further alleged that the defendant N. V. Leonard was the owner of five shares of the capital stock of said bank of the par value of $500, and that on the 19th day of September, 1922, he transferred, sold, and assigned said five shares of capital stock of said bank to Fred Fleming; that said transfer was within one year prior to the day of the insolvency of the bank; that the transfer was not authorized or approved by the Bank Commissioner, and prayed judgment against defendants Leonard and Fleming in the sum of $500, with interest.

The defendant N. V. Leonard filed his demurrer to plaintiff's amended petition, which demurrer was by the court sustained and the action dismissed with prejudice, from which plaintiff prosecutes this appeal.

The sole question presented by this appeal is the construction to be placed upon section 4177, Comp. Stats. 1921, which reads as follows:

"Any owner of any of the shares of the capital stock of any banking corporation, may make disposition of such shares by written assignment indorsed upon the certificates of stock and by delivery of the same, but no such assignment shall be effectual to transfer the title to such shares of stock until the same are transferred upon the stock books of the corporation. Any shareholder who shall sell, assign, or in any manner dispose of his shares of stock, shall, in the event of the insolvency of such corporation, continue to be liable thereon jointly with the owner thereof, to the extent of the liability of such owner, for a period of one year from the date of the transfer of such shares upon the books of such corporation, or until the bank has been examined and the sale approved by the State Bank Commissioner."

It is the contention of plaintiff that, defendant Leonard having sold his stock in the bank to Fleming only about three months prior to the time the bank was declared insolvent, under the above section of the statute the seller and purchaser of the stock are jointly liable for the amount of the stock. While, upon the other hand, it is contended by defendant that he is not liable unless the bank was insolvent at the time of the transfer of the stock. It seems to us that the language of the act is so plain and unambiguous as to admit of but one construction. The enactment of this section of the statute was a part of the law of this state under which the Bank Guaranty Law functioned prior to its repeal, and was designed to protect, so far as possible, the depositers and creditors of an insolvent bank, and, in our judgment, was a very salutary provision written into our banking laws.

The Bank Commissioner of this state has a very wide latitude and is vested with unusual discretion in granting certificates to state banks, and it is his duty to investigate the character and financial responsibility of those who engage in the banking business before issuing a certificate autho-

rizing them to engage in such business, to the end that the funds of the depositors, and creditors generally of the bank, may receive the greatest measure of protection for their earnings deposited in such bank. The Legislature provided that any shareholder who shall dispose of his stock shall, in the event of the insolvency of the bank, continue to be liable thereon jointly with the purchaser of the stock for a period of one year. The legislators enacting this law could, doubtless, see the possibility of stockholders whom the Bank Commissioner, upon investigation had found to be financially responsible, finding their bank in a failing condition and who would seek to escape the consequences by transferring their stock to some other person—possibly one financially irresponsible and possibly to one to whom the Bank Commissioner would not have granted the certificate in the first place— and sought to hold the original stockholder liable for one year **in the event of the insolvency of such corporation.**

Defendant cites Harper v. Carroll, 62 Minn, 152, 64 N. W. 145, to sustain his contention. The Minnesota statute reads as follows:

"The stockholders in each bank shall be individually liable in an amount equal to double the amount of stock owned by them for all of the debts of such bank, and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or, stockholders."

And the court held that the stockholder who transferred his stock was liable under that statute for only the debts and liabilities of the corporation accruing prior to the transfer of the stock. But this same case was again before the Supreme Court of Minnesota in an opinion reported in 69 N. W., at page 611, and from the fourth paragraph of the syllabus it appears that the court there held that the transferror was liable in double the amount of his stock if the bank became insolvent and suspended payment within one year after the transfer of his stock, but that he was only secondarily liable, the primary liability being on the purchaser of the stock. And in Northwestern Trust Co. v. Bradbury (Minn.) 127 N. W. 386, in the body of the opinion it is said, in commenting upon the language of the act, that:

" 'The liability shall continue for one year after such transfer', means that the creditors cause of action must accrue within one year next after the transfer, or, in other words, the contingent liability of the stockholder to respond for the debts of the corporation upon its insolvency must become absolute by the occurrence of such insolvency within the year next after the recorded transfer of his stock; but if such cause of action does so accrue within the year, it may be enforced at any time within the general statute of limitation of six years."

Harper v. Carroll, supra, is the only case cited by defendant which, in our judgment, is at all applicable to the provision of the statute under consideration, and from the later opinions of the Supreme Court of Minnesota it appears that the rule laid down in that case was not adhered to, and even if it had been, we would be slow to consider it as a rule by which to be guided in the construction of the statute before us, because, as said heretofore in this opinion, the language of the act is so plain and unambiguous that it does not need voluminous citation of authorities to make its meaning clear.

We think the district court of Wagoner county committed error in sustaining the demurrer. The judgment is therefore reversed, with directions to the trial court to proceed in accordance with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 7 C. J. p. 505, §69.