## GILL v. STATE et rel. FREELING, Atty. Gen., et al.

No. 17023. Opinion Filed Oct. 12, 1926.

Rehearing Denied June 14, 1927.

Motion to Recall Mandate Denied Feb. 14, 1928.

**Banks and Banking—Stockholders' Liability in Failed Bank—Effect of Transfer of Stock Within Year Previous to Insolvency.**

Where the owner of certain shares of the capital stock of a state bank sells or transfers such stock, and such bank becomes insolvent within one year from the date of the transfer of such shares, and the Bank Commissioner has not approved said transfer, both the seller and the buyer are liable jointly to the creditors of the bank in the amount of the stock so transferred.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Suit by the State of Oklahoma ex rel. S. P. Freeling, Attorney General, against Mrs. Nil K. Gill and J. J. Shock, to recover double liability on 25 shares of the capital stock of the Bank of Commerce of the par value of $100 each. Judgment for plaintiff, and defendants Gill and Shock appeal. Reversed, with directions.

Hiatt & Hannigan and Edward Spiers, for plaintiff in error.

Cochran & Ellison, for defendant in error and cross-petitioner in error J. J. Shock.

M. W. McKenzie, for Banking Department.

Opinion by MAXEY, C.    Prior to May 2,

1921, J. J. Shock was the owner of the 25 shares of capital stock, of the Bank of Commerce of Okmulgee, of the par value of $100 a share; and on said 2nd day of May, 1921, J. J. Shock sold and assigned his 25 shares of bank stock to Mrs. Nil K. Gill.

Mrs. Nil K. Gill filed her answer, admitting the purchase of said stock on May 2, 1921, and that the double liability claim had not been paid, and denied the other allegations of the petition, and later filed her amended answer, which contained the same general admissions and denials, with the additional allegation of the failure on the part of the Bank Commissioner to comply with the Oklahoma banking laws, and later filed an amendment to said amended answer, which was treated as a cross-petition, by the trial court. The case was tried on the 21st day of March, 1925, and the court rendered judgment for plaintiff on said double liability in the sum of $2,990, and interest, and further declared that J. J. Shock, one of the defendants below, have and recover judgment against the codefendant Mrs. Gill, for any amount he might be compelled to pay the plaintiff below under said judgment, and that he be entitled to execution against the property of Mrs. Gill for any amount of the judgment collected from him. Both defendants excepted to the findings of the court, and gave proper notice and filed their separate motions for new trial, which were overruled, and the defendants excepted and gave notice in open court of their intention to appeal, and were given an extension of time to make and serve case-made. The case-made was served, settled and signed in due time, and the case appealed to this court.

Plaintiff in error has assigned 8 errors, but they are all grouped together in the argument. The plaintiff in error argues that the evidence failed to show that at any time the Bank of Commerce was insolvent, or that any ground existed for assessment on its stockholders, and that said evidence fails to show the performance by said Bank Commissioner of any of the acts under the Oklahoma banking laws before the stockholders could be held for said double liability in any event.

Under the fifth and sixth assignments of error, plaintiff in error contends that there was no primary or secondary liability between Shock and Mrs. Gill, but that they were jointly liable under the statute as the bank failed within one year from the date of transfer; and the controversy on this appeal seems to be largely between J. J. Shock and Mrs. Nil K. Gill over the question of whether one or both of them are liable for the double liability. Section 4177, Compiled Statutes of 1921, is as follows:

"Any owner of any of the shares of the capital stock of any banking corporation may make disposition of such shares by written assignment indorsed upon the certificates of stock and by delivery of the same, but no such assignment shall be effectual to transfer the title to such shares of stock until the same are transferred upon the stock books of the corporation. Any shareholder who shall sell, assign, or in any manner dispose of his shares of stock, shall, in the event of the insolvency of such corporation, continue to be liable thereon jointly with the owner thereof, to the extent of the liability of such owner, for a period of one year from the date of the transfer of such shares upon the books of such corporation, or until the bank has been examined and the sale approved by the State Bank Commissioner."

The same question involved in this case was before this court in the case of State ex rel. Strain, Bank Commissioner, v. Fleming et al., 121 Okla. 34, 247 Pac. 688. In that case the petition alleged that on the 21st day of December, 1922, the First State Bank of Wagoner was declared insolvent, and that after applying all available assets of said bank in the liquidation of its liability, there was a deficit in the sum of $220,-000. The petition further alleged that N. V. Leonard was the owner of five shares of the capital stock of said bank of the par value of $500 each, and that on the 19th day of September, 1922, he transferred, sold, and assigned said five shares of capital stock of said bank to Fred Fleming; that said transfer was within one year prior to the day of insolvency of said bank; that the transfer was not authorized or approved by the Bank Commissioner; and prayed judgment against Leonard and Fleming in the sum of $500, with interest. The defendant, N. W. Leonard, filed his demurrer to plaintiff's amended petition, which demurrer was by the court sustained and the action dismissed, with prejudice. The sole question presented to this court on that appeal was a construction to be placed upon section 4177, above quoted. It was contended in that case, that Leonard having sold his stock in the bank to Fleming about three months prior to the time the bank was declared insolvent, under the above section of the statute the seller and purchaser of the stock are jointly liable for the amount of stock. On the other hand, it was contended by Leonard that he is not liable unless the bank was insolvent at the time of the transfer of the stock.

It will be seen from the above quotations

from the Fleming Case that the facts are the same as the facts in the case at bar. In the Fleming Case, the court held that both Leonard and Fleming were jointly liable and reversed the case and remanded it, with directions to proceed in accordance with the views expressed in said opinion. The same question was raised in that case as to primary and secondary liability that is raised in this case, and the court in that case cites the case of Harper v. Carroll, 62 Minn. 152, 64 N. W. 145, and in commenting on that case, this court compares the section of the state banking law of Minnesota (Gen. St. 1894, section 2501) with section 4177 of our statutes, above quoted, and points out that, while the Minnesota court held that there was a primary and secondary liability on the part of the seller and purchaser of stock involved, the Supreme Court of Minnesota has not adhered to the opinion of Harper v. Carroll, supra; and in the case of Northwestern Trust Co. v. Bradbury, 127 N. W. 386, that court said in commenting upon the language of the statute:

" 'The liability shall continue for one one year after such transfer,' means that the creditor's cause of action must accrue within one year next after the transfer; or, in other words, the contingent liability of the stockholders to respond for the debts of the corporation upon its insolvency must become absolute by the occurrence of such insolvency within the year next after the recorded transfer of his stock; but if such cause of action does so accrue within the year, it may be enforced at any time within the general statute of limitations of six years."

And this court in discussing the case of Harper v. Carroll, supra, said:

It "is the only case cited by defendant which, in our judgment, is at all applicable to the provision of the statute under consideration, and from the later opinions of the Supreme Court of Minnesota it appears that the rule laid down in that case was not adhered to, and even if it had been, we would be slow to consider it as a rule by which to be guided in the construction of the statute before us because, as said heretofore in this opinion, the language of the act is so plain and unambiguous that it does not need voluminous citation of authorities to make its meaning clear."

The Fleming Case is the latest expression of this court on the question involved in this case, and we think is decisive of this case.

Under the rule laid down in the Fleming Case, both Shock and Mrs. Nil K. Gill are jointly liable in this suit, and it was error on the part of the trial court to give judg-ment against Mrs. Gill to Shock, for any amount that he might be required to pay to the plaintiff. The judgment should be against Mrs. Nil K. Gill and J. J. Shock jointly, and the case reversed and remanded to the trial court, with directions to set aside the judgment in so far as it concerns the judgment against Mrs. Gill in favor of Shock for any amount he might be required to pay.

By the Court: It is so ordered.

Note.—See 7 C. J. p. 504, §69.