MERCHANTS' NAT. BANK OF CHICAGO *vs.* NORTHWESTERN MFG. & CAR Co. *et al.,* Stockholders.   (Second Case.)

Argued Dec. 17, 1891.   Decided Feb. 8, 1892.

Stockholders' Liability—How Enforced.—While the affairs of an insolvent corporation are in the hands of a receiver, a creditor may not maintain an action in his own behalf against a stockholder to recover for stock held by the latter, but never paid for. *Minnesota Thresher Mfg. Co.* v. *Langdon,* 44 Minn. 37, followed.

Appeal by plaintiff, the Merchants' National Bank of Chicago, Ill., from an order of the district court of Washington county, *Crosby,* J., made March 30, 1891, sustaining the defendants' demurrer to the complaint.

This action is against the Northwestern Manufacturing & Car Company, Maurice Auerbach, and about 70 others, its stockholders, under 1878 G. S. ch. 34, § 9, to recover from them $73,729.69 and interest, due the bank from the said Northwestern Manufacturing & Car Company.   The complaint stated that this corporation was organized May 12, 1882, with an authorized capital of $5,000,000, divided into 100,000 shares, of $50 each; that by resolution of the stockholders the stock was divided into 70,000 shares of preferred stock, and 30,000 shares of common stock; that this common stock was gratuitously distributed among the defendants, and the corporation received nothing for it; that each received the number of shares set opposite his name in a schedule attached to the complaint.   It further stated that the said Northwestern Manufacturing & Car Company became and was insolvent on May 10, 1884, and on that day a receiver of its property was appointed under 1878 G. S. ch. 76, § 9; that the bank had recovered judgment on its claims, and that execution had been issued and returned wholly unsatisfied.   It asked judgment that the liability of the individual defendants, as holders of unpaid stock, be ascertained, and they required to pay installments thereon sufficient to satisfy the plaintiff's demand, with interest and costs.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appealed. See case against the directors. *Ante,* p. 349.

*Clapp & Macartney,* for appellant.

This action is brought under the provisions of 1878 G. S. ch. 34, §§ 9, 10. If it cannot be maintained under that statute, we concede that the order appealed from should be affirmed. It is an action at law to recover from the several stockholders of the defendant corporation the amount remaining unpaid upon their common stock. The objection urged to this complaint is that, inasmuch as a receiver had been appointed for the defendant the car company, he only can maintain this action, and on behalf of all the creditors.

We have a legal liability imposed by statute upon all corporations organized under our general laws, and the same statute prescribes the remedy, which has been determined by this court in numerous cases to be a remedy at law, by a single creditor for his own benefit against one or more of the stockholders. Where a statute creates a right or liability, and provides a method or remedy by which it may be enforced, the statutory remedy is exclusive. *City of Faribault* v. *Misener,* 20 Minn. 396, (Gil. 347;) *Griffin* v. *Chadbourne,* 32 Minn. 126.

And this rule has been applied inflexibly by the courts of the states and of the United States in actions to enforce the liability of stockholders under the statutes of the different states. *Fourth Nat. Bank* v. *Francklyn,* 120 U. S. 747; *Mills* v. *Scott,* 99 U. S. 25; *Flash* v. *Conn,* 109 U. S. 371; *McKim* v. *Glenn,* 66 Md. 479; *Morley* v. *Thayer,* 3 Fed. Rep. 737; *Erickson* v. *Nesmith,* 15 Gray, 221; *Lowry* v. *Inmam,* 46 N. Y. 119; *Hill* v. *Merchants' Mut. Ins. Co.,* 134 U. S. 515; *Gibbs* v. *Davis,* 27 Fla. 531.

But it is insisted that this court has determined the question involved in this case in *Minnesota Thresher Mfg. Co.* v. *Langdon,* 44 Minn. 37. That was an action brought by a creditor to recover certain dividends which it was alleged had been paid out of the capital stock under 1878 G. S. ch. 34, § 139. That section neither changed any remedy before existing, nor did it attempt to point out any rem-

edy to be pursued in actions founded upon it.    That action was not founded upon sections 9 and 10 of that chapter, and was in no way governed by them.

*Horace G. Stone,* for some of the respondents.

This action is one brought by the plaintiff as a creditor of the Northwestern Manufacturing & Car Company against the defendants as holders of the common stock of that company.    It is brought by a single creditor on its own behalf during the pendency of a receivership for the defendant corporation, under 1878 G. S. ch. 76.    This action was brought prior to the decision of this court in *Minnesota Thresher Mfg. Co.* v. *Langdon,* 44 Minn. 37.    It is identically the same in all its bearings, except that the Langdon suit was to recover capital withdrawn, while this suit is to recover capital not paid in.

*H. C. Truesdale,* for other defendants.

This question is *res judicata.*    The corporation being insolvent and in the hands of a receiver, and the liability sought to be enforced being limited in amount, it comes directly within the rules laid down by this court, that the right to enforce this liability vests in the receiver, as trustee for all creditors, and that the right of individual creditors to sue, if not absolutely taken away, is at least suspended during the pendency of the proceedings, under 1878 G. S. ch. 76.    Whatever the decisions of other courts may be in this regard, there can be no question as to the proper practice in this state.    *Allen* v. *Walsh,* 25 Minn. 543; *Johnson* v. *Fischer,* 30 Minn. 173; *Mohr* v. *Minnesota Elevator Co.,* 40 Minn. 343; *Patterson* v. *Stewart,* 41 Minn. 84; *Minnesota Thresher Mfg. Co.* v. *Langdon,* 44 Minn. 37.

*Lusk, Bunn & Hadley,* for other defendants.

1878 G. S. ch. 34, §§ 10, 11, do not touch or pertain to this corporation.    These sections are a part of the General Statutes of 1866, as amended by Laws 1875, ch. 15.    They apply, in the language of section nine, (9,) to all corporations formed as herein provided; that is, to all corporations under title one, (1,) chapter thirty-four (34.)    By section one hundred and ten (110) they are made to apply also to corporations organized under title two (2;) but they have no application to corporations organized under the manufacturing act.    Laws 1873, ch. 11.    This last act is not even an

amendment to title two, (2,) but an entirely distinct law, providing for corporations for special purposes, to be organized in a special manner, different from the manner of title one (1) or two (2.)    After the careful examination this court has given this question in *Minnesota Thresher Mfg. Co.* v. *Langdon,* 44 Minn. 37, and *Patterson* v. *Stewart,* 41 Minn. 84, we feel that little need be said in a brief.

*Searles & Gail,* for other defendants.

Since this action was instituted, this court decided *Minnesota Thresher Mfg. Co.* v. *Langdon,* 44 Minn. 37, and it is understood that the principle recognized and established by that decision controls the case.    The unearned dividends there sued for were no more a trust fund recoverable by the receiver for the benefit of all the creditors than unpaid subscriptions for stock.

In any doubtful case, equitable considerations would lead to such a construction of the statutes as to put all creditors on a level, and not urge them to a race of diligence.    In equity, unpaid installments belong to all the creditors alike, especially after a concern becomes insolvent, and its affairs are in the hands of the court for administration.

DICKINSON, J.    This is an appeal from an order sustaining demurrers by the individual defendants (stockholders of the Northwestern Manufacturing & Car Company) to the complaint.    The plaintiff is a judgment creditor of that corporation, and execution in its favor has been returned unsatisfied.    The defendant corporation, the car company, is insolvent.    Its affairs are in the hands of a receiver, who has sold and disposed of its property, but the proceeds in the hands of the receiver are insufficent to pay more than a small percentage of its debts, including that of the plaintiff.    The plaintiff, as such creditor of the corporation, seeks to recover of the individual defendants, under 1878 G. S. ch. 34, § 9, the par value of stock of the corporation for which, as is alleged, payment was never made to the corporation.    It will be unnecessary to consider whether stockholders of corporations, organized as was this defendant, are subject to the provisions of the statute cited.    We regard the decision in *Minnesota Thresher Mfg. Co.* v. *Langdon,* 44 Minn. 37, (46 N. W. Rep. 310,) as decisive against the plaintiff as to its right, as a cred-

itor of the insolvent corporation whose affairs are in the hands of a receiver, to maintain such an action in its own behalf. This right of action is not to be enforced by an individual creditor in proceedings independent of the receivership. While that action, by a creditor of this same insolvent corporation, was to recover from a stockholder funds withdrawn from the capital of the corporation, and repaid to him, it cannot be distinguished in principle from this action, which is to recover what, upon the theory of the complaint, the defendant stockholders were legally obligated to pay to the corporation as a part of its capital, but which never was so paid. The cases are not legally distinguishable from the fact that in the one the capital of the corporation which the creditor sought to reach was paid back by it to its stockholders, while in the other it always remained in the hands of the stockholders. The reasons set forth in the opinion in the *Langdon Case,* in support of the conclusion that while the receivership continued the right of action was in the receiver alone, are equally applicable here, and may be referred to as reasons for the same conclusion in this case, apart from the controlling authority of that decision as a precedent.

Order affirmed.

The chief justice did not take part in this decision.

(Opinion published 51 N. W. Rep. 119.)