PIONEER FUEL COMPANY and Another v. ST. PETER STREET IM-PROVEMENT COMPANY and Others.[1]

May 13, 1896.

Nos. 9618, 9838—(46, 47).

**Actions to Enforce Stockholders' Liability—Consolidation—Pleading.**

Two separate and independent actions were brought by judgment creditors against an insolvent corporation and some of its stockholders, under G. S. 1894, c. 76. Thereafter the court made an order consolidating the two actions under the name and title of both plaintiffs, "against the defendants named therein." Six days before the making of this order, two stockholders, who were made defendants in one action, but not in the other, demurred to the complaint in the former action, which demurrer was brought on for hearing after the order of consolidation. *Held*, such order consolidated both complaints, so that the allegations contained in one aided the other, and the case stood as if the complaint demurred to had been amended after the demurrer was served, and before it was argued.

**Same—Pleading—Practice.**

Harper v. Carroll, 62 Minn. 152, 64 N. W. 145, distinguished. Status of a creditor other than the plaintiff, coming in and filing his claim under the order of the court, and what he may plead without leave of court, considered. He may plead additional matters by filing a cross bill, with leave of court. Practice in such cases considered.

**Same—Transfer of Stock to Avoid Liability.**

A defendant, who was a former stockholder, transferred his stock before any time at which it appears that any indebtedness had been incurred by the corporation, or it had become insolvent; but it is alleged in the complaint, among other things, that the transfer was made for the purpose of avoiding the stockholders' liability, was not bona fide, no consideration was paid therefor, and that he is still the beneficial owner and holder of the stock. *Held*, on demurrer, that the complaint alleges a cause of action against him.

[1] Reported in 67 N. W. 217.

Appeals by defendants Peet and Stark from an order of the district court for Ramsey county, Kelly, J., overruling separate demurrers to the complaint. Affirmed.

*Ambrose Tighe*, for appellants.

*T. R. Palmer* and *Davis, Kellogg & Severance*, for respondents.

CANTY, J. This action is the consolidation of two separate and independent actions, each brought under G. S. 1894, c. 76, for the appointment of a receiver of the St. Peter Street Improvement Company, a corporation. The plaintiff Merriam recovered a money judgment against this corporation March 1, 1894. Execution was issued, and returned unsatisfied, on the same day; and thereafter, on that day or the next day, he commenced his action for the appointment of a receiver. The plaintiff Pioneer Fuel Company obtained a money judgment against the same corporation January 30, 1894. Execution was issued, and on February 21 was returned unsatisfied, and thereafter, on March 2, 1894, the fuel company commenced its action for the appointment of a receiver. On April 18, 1894, the court made an order entitled in both actions, which reads as follows: "After hearing counsel, ordered that the actions above entitled be, and they are hereby, consolidated; and that said consolidated action be known as No. 54,518, the Pioneer Fuel Company and William R. Merriam, plaintiffs, against the defendants named therein."

The defendant Peet and Stark had been made parties to the Merriam suit, and the complaint therein alleged that they were stockholders, but they never were named as parties in the fuel company suit, and never were made parties to it except by the order of consolidation. About six days prior to the making of this order, they each served separate demurrers to the complaint in the Merriam suit, stating, as ground of demurrer, that the complaint does not state facts sufficient to constitute a cause of action. After the order of consolidation, the demurrers were noticed for argument; and on April 15, 1895, the court made its orders overruling both demurrers. From these orders, Peet and Stark separately appeal.

1. The principal question here to be considered is whether for the purpose of these demurrers, the Merriam complaint must be taken alone, or whether the order of consolidation consolidated the

two complaints, so that one aids the other. There are several defects or alleged defects in the Merriam complaint which are cured by the other complaint, if, for the purposes of these demurrers, both complaints can be considered as one. We are of the opinion that the order of consolidation did so consolidate both complaints, and that the demurrers stood in the same position as if the complaint at which they were directed had been amended between the time the demurrers were served and the time they were argued. Appellants rely on the case of Harper v. Carroll, 62 Minn. 152, 64 N. W. 145, as pointing to the opposite conclusion. We do not regard that case as an authority in appellant's favor, and, in order to distinguish it, we will have to consider to some extent the practice which should prevail in this class of cases, as to which there seems to be some confusion and difference of opinion.

The suit contemplated by chapter 76 is a suit by one creditor on behalf of himself and all other creditors, whether it is so stated in the complaint or not. The notice to the other creditors "to exhibit their claims and become parties to the action," provided for by section 5911, does not authorize any such creditor to do anything more than to state in some form that he becomes a party, and also to allege the facts showing the existence of his claim. These petitions or proofs of claim are sui generis; and it is not necessary for the defendant stockholders, or any other party to the action, to answer or reply to them, but they stand denied by all parties, and must be proved on the trial, unless expressly admitted. Under the old equity practice, when a creditors' suit was brought on behalf of the plaintiff and all other creditors, and a decree was made for all other creditors to present their claims, the creditor who came in under the decree and filed a similar proof of claim was regarded as only a quasi party. 1 Daniell, Ch. Prac. 635; Neve v. Weston, 3 Atk. 557. If every creditor who comes into such a suit as the one at bar can, as a matter of course, set up any and every allegation he sees fit, and require all the other parties to answer or reply to it, the record would often become a vast pile of lumber. No such practice can be tolerated. If any such creditor desires, besides the allowance of his claim, to demand other relief which cannot be had under the allegations of the plaintiff's complaint, he should apply to the court for leave to insert the additional allegations in his petition or proof of claim. In other

words, he should apply for leave to file a cross bill, which the general order for creditors to exhibit their claims and become parties does not permit him to do. It was at one time doubted whether a cross bill would lie in those code states where the code made no express provisions for it, but it has since been properly held that it will. See Bliss, Code Pl. § 390; Pomeroy, Code Rem. (3d Ed.) §§ 806, 808. The order should provide for the service of the cross bill on all the parties against whom it is directed, and they should answer it. This is in analogy to the equity practice in such cases which required process to be issued to the parties against whom the cross bill was directed. See Tucker v. St. Louis Life Ins. Co., 63 Mo. 588; Fletcher v. Holmes, 25 Ind. 458; Bliss, Code Pl. (3d Ed.) § 390.

It follows from these principles of practice that the plaintiff's complaint must stand alone, and the stockholders and other defendants are not required to answer anything else unless the court otherwise orders. But in Harper v. Carroll, supra, the plaintiff, for the purpose of defeating a demurrer to the complaint, attempted to take, in aid of that complaint, the petition or claim filed by another creditor. If he could do this, he could compel the defendant, not only to answer his complaint, but also to answer at the same time every creditor's petition or claim on file. The mere questions of practice here considered were evidently not in the minds of the court when giving the opinion in Arthur v. Willius, 44 Minn. 409, 46 N. W. 851.

Let us now return to the case at bar. Neither the complaint of Merriam nor the complaint of the fuel company can be regarded as either a cross bill or the petition or claim of a creditor other than the plaintiff, but, under the order of consolidation, both complaints together must be taken as the joint complaint of two original joint plaintiffs. This disposes of all the questions in the case but one.

2. It does not appear from the fuel company's complaint when the indebtedness to that company was incurred. In the Merriam complaint it is alleged that the first of the indebtedness from the improvement company to him was incurred May 21, 1892. Neither complaint alleges any earlier indebtedness to any creditor. The Merriam complaint also alleges that Peet, prior to this time, to wit, on August 21, 1891, transferred all of his stock to Stark, and

that on June 6, 1893, Stark transferred all of his stock to the defendant Tomkins. The Merriam complaint further alleges "that both of said transfers were made for the purpose of avoiding the stockholders' liability herein; were not bona fide; that no consideration was paid therefor; and that said Peet is still the beneficial owner and holder of said stock, and liable thereon." We are of the opinion that a cause of action is sufficiently alleged against both Peet and Stark.

This disposes of the case, and the orders appealed from are affirmed.