LATIMER & INGLIS v. THE CITIZENS STATE BANK, D. W. MOTT, K. S. COLE, and E. S. PATTERSON, Appellants.

**Conflict of Laws:** STOCKHOLDER'S LIABILITY. The individual liability of stockholders under Compiled Laws of South Dakota, section 2933, providing that every stockholder shall be liable to a joint or several action for the corporation's debts to the amount unpaid on his stock, may be enforced in another state, since the Dakota statute neither provides a special remedy nor creates an exclusive statutory liability.

**Corporations:** LIABILITY AS STOCKHOLDERS. A bank authorized by its charter to "discount bills, notes, and other securities," has power to purchase shares of stock of a corporation in payment of a debt for which such stock was originally given as collateral security, and is liable thereon the same as any other owner of stock.

**Stockholder's Liability:** JUDGMENT AGAINST CORPORATION: *Practice.* The rendition of a judgment against a corporation is not a necessary prerequisite to the maintainance of an action to enforce the statutory liability of the stockholders for the corporate debt, where the corporation is notoriously insolvent, its assets have been seized under legal process, and it has ceased to do business.

**Assignment of Errors.** An assignment of error in overruling objections to "each of the following questions and answers," followed by a page of printed questions and answers without objection, is not sufficiently specific to permit a review, the argument not stating the grounds of the objections.

*Appeal from Franklin District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, MAY 14, 1897.

PLAINTIFFS, creditors of the Brule County Bank, of Chamberlain, S. D., bring this action at law to charge the defendants, respectively, with a balance unpaid on stock of said Brule County Bank owned by

each of them. The case was tried to the court, and a judgment rendered in favor of the plaintiffs. Defendants appeal.—*Affirmed.*

*Taylor & Evans* for appellants.

*J. W. Luke* and *E. P. Andrews* for appellees.

GIVEN, J.—I. There is but little dispute as to the facts of this case, and those necessary to be noticed are as follows: The Brule County Bank, a corporation organized under the laws of South Dakota, and doing business in Chamberlain, in that state, drew its draft in favor of the plaintiffs for one thousand, seven hundred eighty-eight dollars and forty-eight cents on the Union Stock Yards State Bank, of Sioux City, Iowa. On presentation of said draft to the bank in Sioux City, payment was refused, of which fact the Brule County Bank was duly notified. Payment was demanded of the Brule County Bank, which it failed to make, being at that time insolvent. The defendants, all residents of Franklin county, Iowa, were at, before, and since said transaction each owners of shares of the capital stock of said Brule County Bank of the par value of one hundred dollars per share, as follows: The Citizens State Bank owned fifty shares, D. W. Mott twenty-five shares, K. S. Cole ten shares, and E. S. Patterson two shares. But fifty per cent. of the face value of these shares of stock has been paid. The statute of South Dakota under which the Brule County Bank was "organized and doing business provides as follows: "Each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. Any creditor of the corporation may institute joint or several actions

against any of its stockholders that have not wholly paid the capital stock held by him, and in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is liable, and several judgments must be rendered against each in conformity therewith. The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced, and such liability is not released by any subsequent transfer of stock. And in no other case shall the stockholders be individually and personally liable for the debts of the corporation. The term 'stockholder,' as used in this section, shall apply not only to such persons as appear by the books of the corporation to be such, but also to every equitable owner of stock, although the same appear on the books in the name of another; and also to every person who has advanced the installments or purchase money of stock in the name of a minor, so long as the latter remains a minor; and also to every guardian or other trustee who voluntarily invests any trust funds in the stock." Compiled, Laws, section 2933. It is under these facts and this statute that the plaintiff seeks to charge the defendants, respectively, with the balance unpaid on their shares of stock to the amount of the indebtedness due to the plaintiffs from the Brule County Bank.

II.    The questions of law presented on this appeal were raised by a demurrer to the petition, which was overruled, and substantially the same question with others, was raised by the answer. We will proceed to consider such of these questions as are discussed in the arguments before us. Appellant's first contention is that said statute of South Dakota "provides the certain remedy to be pursued for the enforcement of the liability thereby created, and such remedy is exclusive. and can be pursued

only in the state of South Dakota." Appellants cite a number of cases in support of this contention, relying more particularly upon the following: *Bank v. Rindge* (Mass.) 27 N. E. Rep. 1015; *Fowler v. Lamson* (Ill. Sup.) 34 N. E. Rep. 932; *May v. Black* (Wis.) 45 N. W. Rep. 949; *Bank v. Francklyn*, 120 U. S. 747 (7 Sup. Ct. Rep. 757); *Young v. Farwell* (Ill. Sup.) 28 N. E. Rep. 845; *Marshall v. Sherman* (N. Y. App.) 42 N. E. Rep. 419. We will not here consider these cases separately. It is sufficient to say that, as applied to this question, they may be summed up as holding as follows: That the courts of a state will not enforce a statutory liability created by the statute of another state when a special remedy is provided for its enforcement. The cases of *Bank v. Rindge, Fowler v. Lamson*, and *Marshall v. Sherman* were based upon the constitution and statutes of Kansas, providing an "individual liability of stockholders to an additional amount equal to the stock owned by such stockholder," and a special remedy against the stockholders and as between the stockholders. *May v. Black* was under a statute of Michigan creating "personal liability for all claims for labor performed," and provided as a remedy a joint action in assumpsit against the corporation and any or all stockholders, and "that such action shall be brought in the county where the mine is located." (Howard, Ann. St., sections 4110, 4112). *Young v. Farwell* was against stockholders in a Michigan mining corporation subject to the same statute. *Bank v. Francklyn* is not in point, as it simply holds that where a special remedy is provided, the liability can only be enforced in that manner in the courts of the United States. Turning to the statute of South Dakota, it will be seen that the liability therein referred to is quite different from that created by the statutes we have mentioned. It is "for the debts of the corporation to the extent of the amount that is unpaid upon

the stock held by him," while in the other statutes a liability that would not otherwise exist, is created. The liability for unpaid stock is not created by statute, but is one that already existed. "The public has a right also to assume that the capital stock has been, or will be fully paid up, if it be necessary, in order to meet corporate liabilities. Accordingly, the American courts go very far to protect corporate creditors." Cook, Stock, Stockh. & Corp. Law, section 199. The same author says: "Accordingly, statutes are passed expressly declaring that the stockholders shall be so liable for a specified sum, in addition to their unpaid subscriptions. This is called the 'statutory liability' of stockholders." Cook, Stock, Stockh. & Corp. Law, sections 212, 213. The liability under consideration being for unpaid stock, it is not exclusively a statutory liability, but one that could be enforced, in the absence of statute, by a creditor's bill. The statute of South Dakota does not provide a special remedy for enforcing this liability, but leaves the creditor the same form of action that he could have brought if there was no statute. The provisions as to who shall be deemed stockholders, that the action may be joint or several, and the extent of the stockholder's liability, do not provide the remedy, but fix limits by which the remedy shall be administered. The liability of these stockholders arises out of their contractual relation to the corporation and to its creditors, and we see no reason in the nature of that liability, nor in the provisions of the statute of South Dakota, why the liability may not be enforced in a court of Iowa against persons of whom it has jurisdiction.

III. Appellant's next claim is that to maintain this action appellees must first obtain a judgment against the Brule County Bank, determining the amount due to them from that bank. In some of the statutes

prescribing the liability of stockholders it is so provided; also that the property of the corporation shall be first exhausted; but not so in the statute under consideration. The right of the creditors to pursue the stockholders for unpaid stock, even, is not made to depend upon the insolvency of the corporation. Under section 1088 of our own Code, execution against the company may be levied upon the private property of an individual stockholder to the extent of the unpaid installment on stock owned by him, when no property can be found of the corporation. Where, as in this case, the corporation is insolvent, and all its assets held under attachments, it would be idle to require that plaintiffs first obtain judgment and execution against it. Appellants were entitled to and could have made any defense to the claim of appellees against the Brule County Bank that the bank could have made, and as stockholders they could have known of any defenses that existed. Cook, Stock, Stockh. & Corp. Law, section 200, after stating the general rule that judgment and execution must first be had against the corporation, says: "Where, however, the corporation has been adjudged a bankrupt, and a dissolution has in this way been brought about, the remedy against the corporation, need not be first exhausted. Such, also, has been held to be the rule where the corporation is notoriously insolvent, or is formally dissolved." Under the undisputed evidence in this case that the Brule County Bank was notoriously insolvent, that its assets had been seized under legal process, and that it had ceased to do business, we do not think that plaintiffs should be required to exhaust their remedy against it before pursuing their remedy against the stockholders. It is said in this connection that prior to the commencement of this action the Brule County Bank had made a general assignment for the benefit of its creditors. It further

appears that on the objection of the attaching creditors the assignee was discharged, and a receiver appointed, and that, attachments covering all the assets being sustained, the receiver was discharged. These facts confirm us in the conclusion that plaintiffs should not be required to first pursue the corporation.

IV. It is urged on behalf of the defendant Citizens State Bank that it had no power to assume this liability, and that, if it had, it is void for want of consideration. By its incorporation it had "power to discount bills, notes, and other securities." It received certain shares of the Brule County Bank stock as collateral from one Clark, and afterwards bought them, giving him credit for one thousand five hundred dollars therefor on his debt, and agreeing to give him further credit in such sum as might be realized therefrom over one thousand five hundred dollars. This defendant had new certificates made direct to it, and transfers entered on the stock register of the Brule County Bank. This defendant not only did have the power to buy, but actually did buy and own, this stock, and it is therefore liable the same as any other owner of stock.

Appellants' counsel in argument "call particular attention to certain evidence" of witnesses Latimer and Conerick, and say that it "was clearly subject to the objections made, and ought not to have been admitted." Counsel do not otherwise point out in argument the particular parts of the evidence objected to, nor the grounds of objection relied upon. The fifth assignment of error is "in overruling the objections to each of the following questions and answers in the testimony of plaintiff's witness Conerick." Following this is about a page of closely-printed questions and answers, which appear to be without objections. Without a more specific assignment of errors, we cannot know what rulings are complained

of, nor the grounds of the complaint. After a most careful examination of this case, we reach the conclusion that the judgment of the district court should be AFFIRMED.