### T. B. DOWNER v. UNION LAND COMPANY.[1]

February 21, 1908.

Nos. 15,410—(171).

**Limitation of Actions—Insolvent Corporation.**

The mere commencement of an action by a judgment creditor under section 9, c. 76, G. S. 1878, for the sequestration of the property of a debtor and the appointment of a receiver, did not stop the running of the statute of limitations against the claims of other creditors. Each creditor might have brought an independent action upon his own claim, although the court might thereafter have consolidated all the actions upon an application properly made.

**Same—Filing of Claims.**

In proceedings under section 9, c. 76, G. S. 1878, as above, the exhibition of a claim and the filing of a complaint by a creditor in pursuance of an order of court was equivalent to the commencement of an independent action, and tolled the statute of limitations as of that date. A claim cannot be filed which at the time of its exhibition is barred by the statute of limitations.

Action in the district court for Ramsey county against the Union Land Company of St. Paul by a judgment creditor of that corporation, on his own behalf and on behalf of all its other creditors who might exhibit their claims and become parties to the action. Inter alia the complaint alleged that defendant was insolvent, and on information and belief that it was indebted in large amounts to other persons than plaintiff, and prayed for the sequestration of its stock and property, and the appointment of a receiver with the usual powers.

The answer admitted the recovery of plaintiff's judgment and the return of executions unsatisfied, alleged that said action was

1 Reported in 115 N. W. 207.

brought upon its certain negotiable bonds which were a part of an issue of $150,000 delivered by defendant to trustees for the purpose of providing means for the payment of its debts "particularly to its own shareholders," and for other purposes, to which trustees defendant conveyed in fee a large amount of real estate upon trust to sell the same and apply the proceeds to the payment of the bonds; that in each bond reference was made to the trust deed and each holder, including plaintiff, acquired the same with full notice of its contents; that at the maturity of the bonds the property conveyed to the trustees and still unsold was sold at public auction and purchased by a committee of the bondholders on behalf of all such bondholders as should join in the purchase; that plaintiff was requested to join but refused to do so; that upon such purchase nearly, if not quite, all of the then outstanding bonds other than those held by plaintiff were cancelled; that the property so conveyed to trustees having been sold by them and purchased by or for the great body of bondholders, defendant had no property wherewith to pay plaintiff's judgment or such of said bonds, if any, as were not cancelled; that each purchaser, including plaintiff, in consideration of the high rate of interest borne by said bonds agreed to a condition of the same contained in the body of the bond, viz: "It is a condition of the issue of this bond and the execution of said trust deed that this bond is the obligation of said company only and that the stockholders of said company shall not, neither shall any of them, be in anywise liable for the payment thereof; nor shall the holder of this bond be entitled to any remedy to enforce payment thereof against any stockholder. And the holder of this bond accepts this condition and agrees to the terms thereof."

In 1903 a demurrer to the answer was overruled and plaintiff's motion for the appointment of a receiver was denied, Kelly, J., on the terms stated in the opinion. In July, 1906, a motion to serve a supplemental complaint bringing in the stockholders as defendants was made and denied, and an order, Hallam, J., was signed requiring creditors of the corporation to exhibit their claims. Pursuant to that order the holders of bonds aggregating $4,000 filed their complaints in intervention, to which defendant made answer, and the court, Kelly, J., disallowed these claims. From that order the claimants, M. L. Curry, J. Murray Forbes and F. L. Higginson, appealed. Affirmed.

*James E. Trask* and *Morphy, Ewing & Bradford,* for appellants.
*Lightner & Young,* for respondent.

ELLIOTT, J.

On May 5, 1903, the plaintiff, Downer, a judgment creditor of the Union Land Company, commenced this action under section 9, c. 76, G. S. 1878, on behalf of himself and all other creditors of the company, to have the assets of the company sequestrated, sold, and the proceeds thereof applied to the payment of the company's debts. To the answer which was interposed the plaintiff demurred, and at the same time moved for the appointment of a receiver for the company. The hearings on the demurrer and motion were had on June 13, 1903, and thereafter on July 14, 1903, the court filed an order denying the motion for the appointment of a receiver and overruling the demurrer, with leave to the plaintiff to file a reply on the payment of ten dollars costs within twenty days after service of a copy of the order upon the plaintiff's attorney. No copy of the order was ever served as provided by the order.

Some time after this order was made the plaintiff applied for leave to file an amended complaint, which was denied on July 21, 1906. On August 2, 1906, about three years after the filing of the order overruling the demurrer to the answer, the plaintiff paid the costs and served a reply. On July 24, 1906, the court made an order requiring the creditors of the corporation to exhibit their claims and file their certified complaints setting forth their respective claims within six months thereafter. The order also provided that objections which might be filed to the allowance of the claims should be heard and determined by the court at the general term commencing April 1, 1907. Under this order the appellants Curry, Forbes, and Higginson filed their claims, which, after a hearing, were disallowed by the court upon the grounds that the claimants had been guilty of laches in asserting their claims and that their causes of action were barred by the statute of limitations.

The claims arose out of the ownership by appellants of certain bonds, dated February 1, 1894, and due five years thereafter. A cause of action on the bonds accrued February 1, 1899, and actions might have been brought at any time within six years thereafter. The claims were therefore barred by the statute on February 1, 1905, unless the

statute was tolled by the commencement of the action by Downer on May 5, 1903. The court properly held that no action could be maintained upon these bonds after February 2, 1905, and therefore they could not be filed as claims against the company under the order of July 24, 1906. The action did not result in the sequestration of the property of the company. The court refused to appoint a receiver. The company retained full power and control over its property. The court made no order which in any way affected the rights of the creditors until July 24, 1906. The bringing of the action by plaintiff, although in form for the benefit of all the creditors, did not deprive other creditors of the right to sue upon their claims or to commence similar actions after such claims were reduced to judgment. Such actions might have been consolidated by the court, as was done in Pioneer Fuel Co. v. St. Peter Street Imp. Co., 64 Minn. 386, 67 N. W. 217; but the fact that the court might have consolidated the pending actions upon proper proceedings in no way affected the right of the creditors to sue upon their claims. The filing of claims and complaints under such an order as was made in this case is the equivalent of bringing actions upon the claims, and therefore stops the running of the statute of limitations. London & Northwest Am. Mort. Co. v. St. Paul Park Imp. Co., 84 Minn. 144, 147, 86 N. W. 872. The fair inference from this case is that the court did not regard the commencement of the original action as tolling the statute against the claims of creditors other than such as were the immediate parties to the suit.

The proceeding under chapter 76 was for the benefit of all the creditors who might come in and share in the distribution of the property. But at the time a creditor came in and exhibited his claim in pursuance of the order of the court it was necessary that he be able to exhibit an enforceable claim, and not one which at the time it was exhibited was barred by the statute of limitations. This case lies within very narrow limits. The sole question is whether the bringing of the action under section 9 of chapter 76 is the equivalent of the commencement of an action by all the creditors of the defendant.

We think it has not been so regarded, and that there is nothing in the decisions of this court to justify a contrary conclusion. The authorities cited by the appellant which hold to the contrary are based

upon statutes which expressly or by necessary implication deprive the creditors of the right to sue after an equitable action has been brought by one creditor for the benefit of all who may join therein. If they are deprived of the right to bring independent actions for the enforcement of their claims, the statute of limitations is thereby tolled. Under the statute then in force the commencement of the action by one judgment creditor did not prevent these claimants from bringing independent actions, and therefore the statute was not tolled by the commencement of this action.

The trial court, therefore, properly refused to allow the claim, and its order is affirmed.