## MARY E. BEARSE *vs.* HORATIO N. MABIE.

Middlesex.    December 12, 1907. — May 18, 1908.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil,* Appeal.    *Corporation,* Foreign, Statutory liability of stockholders. *Pleading, Civil,* Declaration.    *Evidence,* Presumptions and burden of proof.

An appeal by a defendant from an order overruling his demurrer to the declaration in an action at law properly comes before this court with exceptions taken by him at a trial of the action occurring thereafter, since no final judgment could be entered because of the pendency of the exceptions.

A declaration in an action of contract to enforce the alleged statutory liability of a stockholder of a corporation organized in another State but having a usual place of business here alleged that the defendant was a stockholder in such corporation and that nothing had been paid on his shares, and set forth a provision of the law of the State of incorporation to the effect that each stockholder should be liable personally for the debts of the corporation to the extent of the amount which, at the time when an action to enforce the liability was commenced, was unpaid on the stock owned by him, that the plaintiff had brought an action in this Commonwealth against the corporation, had caused proper process to be served upon it, had procured a judgment and execution, had made proper demand on the execution, and had received nothing in satisfaction of it. *Held,* that the declaration set forth a cause of action at law.

Under a statute of South Dakota which provides that each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon stock held by him, and that a creditor may institute joint or several actions against any stockholder who has "not wholly paid the capital stock held by him," an action at law may be

maintained against a stockholder here to recover the amount of a judgment against the corporation, without any preliminary proceedings having been instituted in South Dakota.

In an action of contract to enforce the liability of the defendant as a stockholder in a South Dakota corporation, a material question was whether the defendant was a stockholder when the action was commenced. The treasurer of the corporation testified that an entry on a stub of the certificate book of the corporation, which stated that a certificate was issued to the defendant, was written by him, and identified the signatures of himself and of the defendant upon a certificate, to which the stub corresponded, which was made out to the defendant. The certificate was indorsed in blank and was produced by the plaintiff at the trial, and there was no evidence to explain the plaintiff's possession of it. There was no evidence that the defendant ever had returned the certificate to the corporation. *Held,* that a finding, that the defendant had accepted the stock and expressly or impliedly had agreed to pay for it, was warranted.

A judge sitting without a jury is not obliged to accept evidence as true merely because it is uncontradicted.

A defendant in an action of contract to enforce the statutory liability of a stockholder of a foreign corporation for debts of the corporation cannot set up in defense the fact that the State of incorporation by proper proceedings might have dissolved the corporation or declared its stock void because of acts of the stockholders.

CONTRACT. Writ in the Superior Court for the county of Middlesex dated October 4, 1904.

The declaration alleged that the plaintiff was a creditor of the Newton Moulding and Lumber Company, a corporation duly established in October, 1901, under the laws of South Dakota, whose charter provided that the principal place of business of the corporation should be Pierre, South Dakota, but that a branch office might be located at Newton and Boston, Massachusetts, where directors' and stockholders' meetings might be held and business of the corporation transacted; that the corporation was organized "to buy, sell, manufacture and generally deal in lumber and building materials of all kinds and machinery of all kinds"; that in October and November, 1901, the plaintiff sold certain lumber to the corporation at Newton, and thereafter brought suit on notes of said corporation given for said lumber; that August 26, 1902, in the Police Court of said Newton the plaintiff recovered judgment against the corporation for $377.20, damages, and $11.35 costs; that an execution issued on the judgment and was returned to court unsatisfied; that on February 25, 1904, an alias execution issued on said judgment, and, after due search and diligence, no property of the corporation could be found to be taken in satisfaction of it; that on February 26, 1904, said

alias execution was served on the commissioner of corporations of this Commonwealth, the duly authorized attorney and agent of said corporation, in the manner prescribed by statute, and was thereafter held by a deputy sheriff of Suffolk County for thirty days and nothing was received in satisfaction of the same; that by 1901, Annotated Statutes of South Dakota, § 3851,* it was provided that each stockholder should be individually and personally liable for the debts of corporations established under the act of which said section was a part to the extent of the amount that is unpaid on the stock held by him; that the Newton Moulding and Lumber Company was established under and by virtue of the act of which said section was a part; that the defendant was a stockholder in said corporation owning and holding ten shares of the capital stock at a par value of $100 each, but that nothing had been paid on the said ten shares of stock owned by the defendant; that the plaintiff had received nothing in satisfaction of her debt.

The defendant demurred to the declaration on general grounds, the demurrer was overruled, and the defendant appealed.

An answer having been filed, there was a trial before *Fessenden*, J., without a jury. The plaintiff introduced evidence tending to prove all the allegations of her declaration. The testimony of Bassett, referred to in the opinion, was that he was treasurer of the Newton Moulding and Lumber Company. He was shown

---

* A copy of the section referred to was annexed to the declaration and read as follows: "Each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. Any creditor of the corporation may institute joint or several actions against any of its stockholders that have not wholly paid the capital stock held by him, and in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is liable and several judgments must be rendered against each in conformity therewith. The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced, and such liability is not released by any subsequent transfer of stock. And in no other case shall the stockholders be individually and personally liable for the debts of the corporation. The term 'stockholder,' as used in this section shall apply not only to such persons as appear by the books of the corporation to be such, but also to any equitable owner of stock although the same appear on the books in the name of another."

a stock certificate book and identified the writing on the stubs as his. The first stub stated that certificate numbered one was issued to "H. N. Mabie, Somerville," for ten shares. Being shown the certificate, he identified the signatures thereon as those of himself as treasurer, of the defendant as president and of one Ricketson as secretary.

There was also in evidence a certificate filed with the commissioner of corporations on January 2, 1902, which was signed by the defendant as president of the corporation and by the other officers, and stated that the capital stock of the corporation was $25,000 and that none of it had been paid in.

At the close of the evidence, the defendant made the following requests for rulings:

1. Any proceeding to enforce the alleged liability should be in equity and not at law.

2. In the absence of evidence of any proceedings in the courts of South Dakota, an action at law cannot be maintained here.

3. There was no sufficient evidence that the defendant was a holder of any shares at the time this suit was commenced.

5. The liability under the statute was to be primarily established by a proceeding in the courts of South Dakota.

6. The remedy given was to be sought in the courts of South Dakota by proceedings to determine the whole amount of unpaid subscriptions and the amount necessary to pay the debts.

7. The remedy given by the law of South Dakota was not enforceable in this court.

The presiding judge refused the foregoing requests absolutely. The defendant also asked him to rule as follows:

8. Under the law of South Dakota any shares issued without a subscription therefor and without payment or promise of payment would be void and impose no liability on the holder.

9. If the court finds that no meeting for organization was held within the time required after the filing of the articles of incorporation, the corporation would be dissolved and the directors would be trustees for the benefit of creditors and an action at law to enforce a stockholder's liability could not be maintained.

13. If the court finds that ten shares of stock were issued to the defendant without a subscription and promise to pay therefor, such issue would be illegal and the defendant could return the

same and his delivery of the certificate by him indorsed in blank to the corporation would be a sufficient surrender.

He refused to give either of the last three rulings requested in the form in which they were asked, but gave the ninth as far as the words, " and an action at law " only, and, instead of the eighth and thirteenth, ruled as follows :

8.  Under the law of South Dakota any shares issued without a subscription therefor or a subsequent acceptance of the stock and without payment or promise of payment, express or implied, would be void and impose no liability on the holder.

13.  If the court finds that ten shares of stock were issued to the defendant without a subscription and promise, express or implied, to pay therefor and without an acceptance of the stock by the defendant, such issue would be illegal and defendant could return the same and his delivery of the certificate indorsed by him to the corporation would be a sufficient surrender.

The judge found for the plaintiff and the defendant alleged exceptions.

*W. C. Cogswell,* for the defendant.

*L. Bryant,* ( *C. L. Bremer* with him,) for the plaintiff.

LORING, J.  1.  We assume that there was an appeal from the order overruling the demurrer.  It is so stated in the bill of exceptions.  What raises a doubt upon the matter is the fact that there is no docket entry to that effect.

The appeal comes before us properly with the bill of exceptions, since by reason of the exceptions no judgment could be entered.

The declaration sets forth the statute of South Dakota under which the Newton Moulding and Lumber Company was incorporated and alleges that the defendant was a stockholder and " that nothing has been paid " on his shares.  That is sufficient, at any rate on general demurrer, and it was not necessary to state in terms that the liability under the statute set forth was a contractual one, that the defendant was a subscriber to stock as well as a holder of stock, and that the courts of South Dakota had construed the liability created by the act in question to be a contractual one, or to negative by allegations in the declaration injustice to others by enforcing the liability against this defendant, whatever that may mean.  We are of opinion therefore that the order overruling the demurrer must be affirmed.

2. We are of opinion that the South Dakota statute now in question is the same kind of statute as that before this court in *Hancock National Bank* v. *Ellis*, 172 Mass. 39, and consequently that the first, second, fifth, sixth and seventh rulings asked for by the defendant were properly refused.

3. We are of opinion that the evidence warranted a finding that the defendant was a stockholder, and that the third, eighth and thirteenth rulings asked for were properly denied.

It is stated on the stub of the stock certificate book that certificate number one for ten shares was "issued to" the defendant. The testimony of Bassett in connection with this entry made by him warranted a finding that the shares were issued to the defendant. In addition, the defendant signed on the back of the certificate * in question a blank transfer of the ten shares, dated two and a half months after the stock was issued to him; and, finally, there was no evidence that that transfer had been accepted by the corporation or anybody else. This evidence warranted the finding made by the judge below that the defendant accepted the stock and expressly or impliedly agreed to pay for it.

The underlying trouble with the defendant's argument on this head is that he assumes that the judge was not at liberty to disbelieve testimony which was not contradicted. That is not so. The cases are collected in *Lindenbaum* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 314.

The defendant now urges, in support of the third ruling asked for, that the defendant was not a stockholder because no by-law ever was adopted authorizing the issuing of shares before they were paid for. It may be that the State could institute proceedings to avoid such stock; but the parties cannot set up their failure to comply with the statutory requirements to escape the result of what they did when they had a right to do what they did by complying with the statute.

4. The fact that, by the terms of the act under which the Newton Moulding and Lumber Company was incorporated, its corporate powers came to an end on the expiration of a year for lack of proper organization does not affect the defendant's status

---

* This certificate was produced by the plaintiff at the trial and no evidence was given to explain the plaintiff's possession of it.

as a stockholder.  For that reason he was a stockholder in a corporation whose charter could have been declared forfeited if the State had chosen to institute the necessary proceedings.  The ninth request was properly refused.

*Order overruling demurrer affirmed; exceptions overruled.*