# J. J. PARTEN v. SOUTHERN COLONIZATION COMPANY AND OTHERS.

## SOUTHERN COLONIZATION COMPANY, APPELLANT.[1]

July 9, 1920.

No. 21,799.

**Corporation — suit for sequestration not defeated by payment of plaintiff's judgment.**

1. Where a judgment creditor of a corporation, after the return of an execution unsatisfied, brings an action under section 6634, G. S. 1913, in behalf of himself and all other creditors to sequestrate the assets of the corporation and have a receiver appointed for it, and other creditors have asserted their claims in the action, the corporation cannot defeat the appointment of a receiver by paying the judgment of the plaintiff.

**Same — court has jurisdiction for benefit of all creditors, when.**

2. From the time that other creditors assert their claims in such an action, it is under the control of the court for the benefit of all creditors who are, or become, parties to it.

**Foreign corporation — receiver to collect unpaid subscriptions of resident stockholders.**

3. Where the action is against a foreign corporation having resident stockholders alleged to be liable for unpaid stock subscriptions, a receiver may be appointed without first establishing the existence of assets within the state.

Action in the district court for Ramsey county by a judgment creditor of defendant corporation for the appointment of a receiver to convert the assets of the company into cash and apply the same to expenses of the receiver and his attorney and the claims of creditors. From an order, Michael, J., granting plaintiff's motion for judgment on the pleadings and appointing a receiver, defendant corporation appealed. Affirmed.

*Rockwood & Mitchell, C. J. Rockwood* and *E. T. Young,* for appellant.
*C. B. Smith,* for respondent.

[1] Reported in 178 N. W. 744.

TAYLOR, C.

Plaintiff recovered a judgment in the district court of Ramsey county against defendant, Southern Colonization Company, a foreign corporation, for the sum of $347.45, on August 22, 1919, on which an execution was duly issued to the sheriff of Ramsey county and was returned by him wholly unsatisfied. Thereafter plaintiff brought this action under section 6634, G. S. 1913, on behalf of himself and all other creditors of the company, to have a receiver appointed to convert the assets of the company into cash, and to collect the amounts for which certain stockholders of the company residing in Minnesota were alleged to be liable, and to apply the same toward the payment of all claims established and allowed in the proceedings. The court made an order appointing a receiver and the company appealed therefrom.

The complaint alleges that defendants Lind, Lynch, Ames, Christofferson, Dayton, Brown, Parsons, Halsey, Nason and Dwinnell are stockholders of the company from each of whom an unpaid balance is due on his stock subscription, and that the other persons named as defendants are creditors of the company. After interposing its answer in which it admitted the rendition of plaintiff's judgment and the return unsatisfied of an execution issued thereon, defendants made an application to the court for leave to pay and satisfy plaintiff's judgment by paying into court for plaintiff the amount thereof out of funds not within the state of Minnesota nor subject to the jurisdiction of the court. This application was argued at the same time as the application for the appointment of a receiver. The court granted both applications by orders of the same date, and three days later the amount of the judgment was paid into court and the judgment satisfied.

The company contends that the court was not justified in appointing a receiver after payment of the judgment had been tendered. This would doubtless be true if plaintiff were the only creditor concerned in the action. But such an action is in behalf of all creditors who are, or become, parties to it, and cannot be conducted by a single creditor solely for his own benefit. Other creditors cannot maintain independent actions, but all are required to enforce their rights in the one proceeding. Pioneer Fuel Co. v. St. Peter St. Imp. Co. 64 Minn. 386, 67 N. W. 217; Allen

v. Walsh, 25 Minn. 543; Farmers L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349; Spooner v. Bay St. Louis Syndicate, 47 Minn. 464, 50 N. W. 601; National G. A. Bank v. St. Anthony Park R. E. Imp. Co. 61 Minn. 359, 63 N. W. 1068; Hanson v. Davison, 73 Minn. 454, 76 N. W. 254.

After the action is begun and the complaint filed, the action passes out of the control of the plaintiff into the control of the court for the benefit of all creditors who are, or become, parties to it. Maxwell v. Northern Trust Co. 70 Minn. 334, 73 N. W. 173; Mendenhall v. Duluth Dry Goods Co, 72 Minn. 312, 75 N. W. 232. And the company cannot abate the action by paying and satisfying plaintiff's claim, if claims of other creditors, who are parties to the action, remain unpaid. The complaint made numerous creditors parties defendant, and several of the creditors had filed complaints in intervention setting forth their claims before the company paid or tendered the amount of plaintiff's judgment. That the claims of many of the creditors had not been reduced to judgment is of no importance, for the proceeding is not merely for the benefit of judgment creditors, but for the benefit of all creditors. That the court had not made a formal order making the intervening creditors parties to the action is likewise of no importance, so far as this appeal is concerned, for by asserting their claims in the action such creditors acquired the absolute right to become parties thereto and to continue the proceedings.

While conceding that the court had authority to appoint a receiver of its assets within the state, Rittle v. J. L. Owens Mnfg. Co. 136 Minn. 93, 161 N. W. 401, the company insists that the court was not justified in appointing a receiver in the present case because the application for the appointment was made on the pleadings, and the answer of the company denied that any of its stockholders were liable for unpaid stock subscriptions, and the complaint failed to allege the existence of other assets. In brief the company contends that the existence of assets must be established before the appointment of a receiver is warranted. A similar contention was overruled in the Rittle case and we adhere to that ruling. Of course if the receiver can find no assets within the state, nor any person from whom a contribution toward the payment of the debts can be enforced, he will accomplish nothing, but he may be able to discov-

er assets and may be able to enforce the alleged liability of the resident stockholders. The fact that the existence of such liability was denied, and had not been proven, did not debar the court from appointing a receiver to enforce it.

Order affirmed.