BENJAMIN T. GOLDMAN v. JOHN W. CHRISTY AND OTHERS.

JAMES P. THOMSON AND OTHERS, APPELLANTS.[1]

March 2, 1923.

No. 23,167.

**Enforcement of liability of stockholders of insolvent corporation.**

Our statutes contemplate that a suit to enforce liability of stockholders to creditors shall be a plenary suit for the benefit of all creditors who have an opportunity to join and to participate in its benefits. When one such suit is prosecuted to a finality it is a bar to further piecemeal pursuit of the same stockholders by individual creditors who have had an opportunity to participate, but who have seen fit to permit their opportunity to pass.

Action in the district court for Hennepin county to recover from stockholders in the Minneapolis Copper Company $7,001.09, being the amount of plaintiff's judgment against that company. The case was tried before Leary, J., who when plaintiff rested denied defendants' motion to dismiss the action, made findings and ordered judgment in favor of plaintiff. From an order denying their motion for amended and additional findings and conclusions or for a new trial, James P. Thomson and other defendants appealed. Reversed.

*Fowler, Carlson, Furber & Johnson, Walter S. Whiton* and *Daniel Fish,* for appellants.

*George S. Grimes,* for respondent.

HALLAM, J.

On February 26, 1917, plaintiff commenced an action against the Minneapolis Copper Company, a South Dakota corporation, to recover $8,500 on a promissory note. On September 8, 1920, plaintiff took judgment by default for $7,001.09 and thereafter execution was issued thereon and returned unsatisfied.

[1]Reported in 192 N. W. 360.

On March 6, 1919, Ole Lee, a judgment creditor of the copper company, commenced an action, on behalf of himself and all other creditors of the copper company, "to sequestrate the stock, property and things in action and effects" of the company within the state of Minnesota, to appoint a receiver for the same, to reduce the assets of the corporation within this state to cash and distribute the same among the creditors of the corporation. On March 14, 1919, George S. Grimes was appointed receiver of the corporation and was authorized and directed by the court to collect all claims due the corporation for unpaid stock or otherwise.

On March 21, 1919, Grimes, as such receiver, commenced action in Minnesota, against a large number of persons, including this plaintiff, alleging that they were stockholders in said corporation. Defendant answered, alleging that the stock held by him was held as collateral security to a note of the company for $8,500, and asked that, in the event the court held him liable as a stockholder, the amount due on the note be offset against his stock liability.

On June 9, 1919, the court made its order requiring all creditors of the corporation to file claims with the court, "or be precluded and forever barred from participating in any distribution of corporate property thereafter made in the above entitled action or proceeding." This plaintiff never filed his claim.

On December 13, 1919, the court made its order allowing claims and providing "that any and all other persons be, and they and each of them are, hereby precluded and forever barred from participating in any distribution of the property or assets, realized, or to be distributed in the above entitled action or proceeding." The total claims allowed aggregated less than $5,000, exclusive of interest.

In May, 1920, the court filed its decision in the receiver's action ordering judgment against certain stockholder defendants in amounts aggregating approximately $60,000. The action was dismissed as to this plaintiff.

The receiver collected from the stockholders against whom judgment had been ordered, an amount sufficient to pay the claim filed together with costs and expenses.

On November 26, 1920, in the original action, on petition of the receiver, he was discharged, and in the stockholders' action, on petition of the receiver, an order was filed "that said stockholders, defendants in the above entitled action against whom judgment was ordered, be, and they are hereby discharged from any and all further liability by reason of said action and proceedings, and that no judgment or further proceedings be had herein against said defendants, or either of them."

This it seems to us is tantamount to a final judgment.

Thereafter and in 1921 plaintiff commenced this action against defendants as stockholders, to recover of them the amount due on his judgment against the company.

Defendant is a South Dakota corporation, and plaintiff alleged in his complaint a provision of the South Dakota constitution, that "no corporation shall issue stock or bonds except for money, labor done, or money or property actually received," and a provision of the South Dakota statute, that "each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. Any creditor of the corporation may institute joint or several actions against any of its stockholders that have not fully paid the capital stock held by him, and in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is liable, and a several judgment must be rendered against each in conformity therewith." Not all of the defendants in the former stockholders' suit are parties to this.

Plaintiff had judgment and defendants appealed from an order denying a motion for a new trial.

Defendants make a number of contentions on this appeal. We need consider only one, for, in our opinion, that one disposes of the case. That is the contention that the pending action is barred by the receivership action. In our opinion, this plaintiff should have asserted his claim in that action.

There is much diversity in different jurisdictions as to extent of liability of stockholders of corporations, and also as to methods of enforcing such liability. Some forms of liability exist at common

law. Some states, by constitutional or statutory provision, create liability to the corporation and some to creditors. Some provide for methods of enforcement; some do not. If there be liability, but no method of enforcement provided, the law will always find a method. The Constitution and statutes of South Dakota, taken together, clearly provide for liability of the stockholders to creditors, where stock is issued and less than the par value is paid therefor. The statute of South Dakota does not provide a remedy for the enforcement of this liability, but leaves the creditors to the same form of action that they could have brought if there were no statute. Latimer & Inglis v. Citizens State Bank, 102 Iowa 162, 166, 71 N. W. 225. It may no doubt be enforced in other states, and it has been held that it is enforceable in other states in an ordinary suit at law. Bearse v. Mabie, 198 Mass. 451, 84 N. E. 1015. See also Western Nat. Bank v. Lawrence, 117 Mich. 669, 76 N. W. 105; Whitman v. Oxford Nat. Bank, 176 U. S. 559, 567, 20 Sup. Ct. 477; Bell v. Farwell, 176 Ill. 489, 52 N. E. 346, 42 L. R. A. 804, 68 Am. St. 194, construing a similar statute in Kansas; and such is the decision of the South Dakota court, in applying its statute relating to banking corporations, Union Nat. Bank of Omaha v. Halley, 19 S. D. 474, 104 N. W. 213.

In general the extent of the stockholder's liability is determined by the law of the corporate domicile, but the method of enforcement is determined by the law of the forum. First Nat. Bank of Deadwood v. Gustin M. C. M. Co. 42 Minn. 327, 44 N. W. 198, 6 L. R. A. 676, 18 Am. St. 510. Where the liability has been reduced to a judgment in the state of corporate domicile, the judgment may be enforced in any state by virtue of the full faith and credit clause of the Federal Constitution. Converse v. Hamilton, 224 U. S. 243, 32 Sup. Ct. 415, 56 L. ed. 749, Ann. Cas. 1913D, 1292; Selig v. Hamilton, 234 U. S. 652, 34 Sup. Ct. 926, 58 L. ed. 1518, Ann. Cas. 1917A, 104, but we have no such situation here.

Where no method of enforcement is provided in the state of corporate domicile, and no judgment is involved, we know of no provision of the Federal Constitution which imposes on a foreign state, any particular method of enforcement, so long as that state affords

a remedy by some due process of law, and gives to all creditors equal protection of its laws. Willis v. Mabon, 48 Minn. 104, 154, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. 626. In our opinion our laws are adequate to meet all constitutional requirements. A statutory method of enforcement which antedates the creditor's contract surely does not impair the obligation of the contract.

Under our laws a stockholder in a business corporation, not subject to exception, is liable both to the corporation and to creditors for the payment of the subscription price of his stock; is liable to creditors to pay par for bonus stock, and is subject also to the constitutional double liability to creditors. It would serve little purpose to discuss at length the somewhat involved history of procedure for enforcing the various liabilities of stockholders in this state.

Under G. S. 1878, c. 76, §§ 9 and 12, it was competent for a single creditor to sue and join all stockholders within the jurisdiction to enforce the constitutional liability or liability for unpaid subscriptions or both. Arthur v. Willius, 44 Minn. 409, 46 N. W. 851; McKusick v. Seymour, Sabin & Co. 48 Minn. 158, 50 N. W. 1114; Minneapolis Paper Co. v. Swinburne Printing Co. 66 Minn. 378, 69 N. W. 144. But if several such actions were commenced they might be ordered consolidated. Pioneer Fuel Co. v. St. Peter Street Imp. Co. 64 Minn. 386, 67 N. W. 217; Downer v. Union Land Co. 103 Minn. 392, 115 N. W. 207.

Now under section 6634 an action in the nature of an equitable action may be commenced by a creditor to sequester the assets of the corporation and the liability of stockholders is enforced by a receiver.

Under G. S. 1913, § 6645, et seq. an action may be commenced by a creditor for the sequestration of the assets of the corporation and the appointment of a receiver, and the receiver may enforce the constitutional and other liability of stockholders, but by procedure different from that prescribed by section 6634.

Each method contemplates a single action or proceeding for the benefit of all creditors. This is essentially the appropriate method, where the fund to be impounded is limited and the creditors have

common rights of participation therein, Merchants Nat. Bank v. Northwestern Mnfg. & Car Co. 48 Minn. 361, 51 N. W. 119; Harper v. Carroll, 62 Minn. 152, 64 N. W. 145; Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069; Hanson v. Davison, 73 Minn. 454, 76 N. W. 254; Hosford v. Cuyuna Minneapolis Iron Co. 153 Minn. 186, 189 N. W. 1025, and it is entirely consistent with equity jurisdiction and practice "to forestall a multiplicity of actions by bringing all the litigation into its grasp in one suit for a general accounting and a complete adjustment of all rights." McKusick v. Seymour, Sabin & Co. 48 Minn. 158, 50 N. W. 1114.

The former action was an action under G. S. 1913, § 6634, formerly G. S. 1894, §§ 5897, 5898.

Whether an action may, under any circumstances, be maintained in this state by a single creditor to enforce the liability of stockholders for unpaid stock, it is not necessary to determine. It has been held in South Dakota that under the similar banking statute above cited it would be competent for the lawmaking power to prescribe a method of procedure by which the liability of stockholders might be enforced by a suit in equity. Union Nat. Bank of Omaha v. Halley, 19 S. D. 474, 481, 104 N. W. 213. And it is settled in this state that section 6634 authorizes an action, in its nature equitable, to enforce the liability of stockholders of a foreign corporation for unpaid stock. Randall Printing Co. v. Sanitas Min. Water Co. 120 Minn. 268, 139 N. W. 606, 43 L. R. A. (N. S.) 706; Rittle v. J. L. Owens Mnfg. Co. 136 Minn. 93, 161 N. W. 401; Parten v. Southern Colonization Co. 146 Minn. 287, 178 N. W. 744.

The essential question is whether, after one such action has been prosecuted to judgment, other successive actions may be maintained by individual creditors for the same purpose against the same defendants.

We answer this question in the negative, at least as to creditors who were afforded an opportunity to join in the benefits of the first action.

The former action was brought in the manner contemplated by our statutes. It was brought in behalf of all creditors. The facts stated show that this plaintiff was cognizant of it, for he was one

of the persons sued as stockholders by the receiver. While that action was pending he could not have maintained an independent action. Merchants Nat. Bank v. Northwestern Mnfg. & Car Co. 48 Minn. 361, 51 N. W. 119; Anderson v. Seymour, 70 Minn. 358, 368, 377, 73 N. W. 171; Parten v. Southern Colonization Co. 146 Minn. 287, 178 N. W. 744. He would be obliged to come into the pending proceeding for the benefit of all creditors. Danforth v. National Chemical Co. 68 Minn. 308, 71 N. W. 274. The fund to be impounded being limited, and the creditors having common right of participation therein, no one creditor could proceed at law on his own account alone. Hanson v. Davison, 73 Minn. 454, 76 N. W. 254.

It is a rule of general application that a judgment in an action by one creditor in behalf of himself and all others similarly situated, is a bar to subsequent actions against the same defendants to enforce the same alleged liability by those so represented. Kaufer v. Ford, 100 Minn. 49, 110 N. W. 364; Murphy v. County of Scott, 125 Minn. 461, 147 N. W. 447; Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390. We are of the opinion that our statutes contemplate that a suit to enforce liability of stockholders to creditors, shall be a plenary suit for the benefit of all creditors who have an opportunity to join and to participate in its benefits, and that when one such suit is prosecuted to a finality it is a bar to further piecemeal pursuit of the same stockholders by individual creditors, who have had an opportunity to participate, but who have seen fit to permit their opportunity to pass.

Order reversed.